49610. PHILLIPS v. THE STATE.

BELL, Chief Judge.

The defendant was convicted for possession of marijuana in violation of the Georgia Drug Abuse Control Act.

Police officers, armed with a search warrant, conducted a search of a mobile home in Pickens County, Georgia. At the time of the search the defendant and two other individuals were present. The mobile home was owned and occupied by a third party who was not present. The defendant rented a bedroom within the mobile home. Just immediately prior to the entry of the officers two of the occupants, Dean and Brady, were observed sitting at a table rolling cigarettes and a plastic bag was observed on the table. When the officers' presence at the door became known, Dean was observed taking the plastic bag and its contents from the table into an adjacent bedroom. After entry, this plastic bag was seized in the bedroom in the possession of Dean. The contents of the plastic bag were shown by an expert witness to be marijuana. Several cigarette butts also shown by expert testimony to contain marijuana were admitted into evidence but the record fails to show where this evidence was found. In the defendant's bedroom an egg carton with small growing plants, about one inch in size, was found and seized. The plants were taken to the sheriff's office where they were permitted to die and were discarded. The plants were never analyzed by the State Crime Laboratory. The sheriff was allowed to testify that he had previously observed a growing marijuana plant and that he thought that the plants seized in defendant's bedroom were marijuana "but to know I don't." The state's expert from

the crime laboratory testified that many other hemp plants and marijuana have similarities, look alike, and that the only way the crime laboratory can determine whether or not a growing plant contains marijuana is by a chemical analysis. Dean testified that the plastic bag of marijuana seized was brought to the mobile home earlier by himself and that he had purchased it in Atlanta. The defendant testified and denied possessing marijuana and denied knowing that the growing plants were marijuana. One of the enumerations of error is the denial of the motion for a directed verdict of acquittal.
*Held:*

The case is one that rests upon circumstantial evidence. The evidence totally fails to show that the defendant was in either actual or constructive possession of the plastic bag of marijuana which was seized from the possession of one of the other occupants. The cigarette butts were never connected to the defendant in any manner. This leaves only the evidence of the growing plants found in the defendant's bedroom. Although the sheriff was permitted to state in his inexpert opinion that these small plants were marijuana, this statement is insufficient to exclude "every other reasonable hypothesis save that of the guilt of the defendant." This conclusion is demanded as a matter of law in view of the testimony of the expert that a marijuana plant is similar in appearance to other hemp plants. It follows that it would be a reasonable hypothesis that the plants could have been hemp and hemp plants do not authorize convictions. Thus as the evidence demanded an acquittal, it was error to deny the motion for directed verdict. We reverse with the direction to enter a verdict of acquittal.

*Judgment reversed with direction. Quillian and Clark, JJ., concur.*

SUBMITTED SEPTEMBER 9, 1974 — DECIDED NOVEMBER 22, 1974.

*Gray & Nelson, Donald O. Nelson,* for appellant.
*C. B. Holcomb, District Attorney, Frank C. Mills, III,*

*Assistant District Attorney,* for appellee.