A98A2206, A98A2207. ADKINSON v. THE STATE (two cases).
(511 SE2d 527)

BLACKBURN, Judge.

In Case No. A98A2206, Robert Adkinson appeals his conviction of simple battery, possession of devices to commit crime, and five counts of violations of the Georgia Controlled Substances Act, contending that there was insufficient evidence presented to support his convictions and that he received ineffective assistance of counsel. In Case No. A98A2207, Kimberly Adkinson appeals her convictions of aggravated assault, aggravated battery, possession of a firearm during the commission of a crime, possession of devices to commit crime, and five counts of violations of the Georgia Controlled Substances Act, contending that there was insufficient evidence to support her convictions and that she received ineffective assistance of counsel. Because the defendants' convictions arose out of the same trial, we have consolidated their appeals for the purposes of this opinion.

Viewing the evidence in the light most favorable to the verdict, it reveals that during an argument, Robert Adkinson pushed his wife,

Kimberly Adkinson, while she held their child in her arms. Thereafter, Kimberly Adkinson shot Robert Adkinson in the back with a .38 caliber pistol. The police officers at the scene of the shooting found Vitablend (a cutting agent), digital scales, $3,000, marijuana, amphetamines, syringes, a spoon, and notes detailing the locations of drug transactions in Kimberly Adkinson's car, a Thunderbird. The evidence further revealed that Robert Adkinson drove the Thunderbird to the location of the incident. Kimberly Adkinson drove another car to the location of the shooting. Both the Adkinsons were convicted of possession of the items found in the Thunderbird.

### Case No. A98A2206

1. Robert Adkinson contends that the evidence was insufficient to support his conviction of possession with intent to distribute marijuana and amphetamines.

"On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility." *Riggins v. State*, 230 Ga. App. 757, 758 (1) (498 SE2d 117) (1998).

(a) Initially, Robert Adkinson argues that the evidence was insufficient to support his conviction of possession of marijuana with intent to distribute because there was no chemical analysis or conclusive testimony that the material found in the car was marijuana.

A GBI chemist testified that, although he thought the green leafy material was marijuana, he did not test it, so he could not testify beyond a reasonable doubt that it was marijuana. Additional opinion testimony was properly allowed regarding the detectives' beliefs that the substance was marijuana; however, no scientifically conclusive evidence was presented. In fact, one narcotics investigator testified that there are a lot of leafy substances that look like marijuana but are not marijuana.

Based on the evidence presented, Robert Adkinson's conviction of possession of marijuana with intent to distribute cannot stand. See *Phillips v. State*, 133 Ga. App. 392, 393 (210 SE2d 858) (1974) (sheriff's testimony that he thought plants were marijuana was insufficient to support possession of marijuana conviction especially in light of expert's testimony that marijuana plant is similar in appearance to other hemp plants).

(b) Robert Adkinson contends that his conviction of possession of amphetamines with intent to distribute was based on insufficient circumstantial evidence. Adkinson argues that there was no evidence

connecting him with the drugs found in the Thunderbird. We cannot agree.

During Robert Adkinson's testimony at trial, he admitted that he drove the Thunderbird on the day of the shooting. In fact, he admitted that he drove it to the location of the shooting where the drugs and drug paraphernalia were eventually found. Furthermore, Adkinson admitted that he was a methamphetamine user and that some of the drug paraphernalia was his. In addition, Kimberly Adkinson indicated that Robert Adkinson dealt drugs.

Kimberly's statement along with the corrobative evidence discussed above was sufficient to enable a rational trier of fact to find Robert Adkinson guilty of possession of amphetamines with the intent to distribute.

2. On appeal, Robert Adkinson contends for the first time that he was denied effective assistance of counsel. "If an appellant raises on appeal the issue of ineffectiveness of his original trial counsel, and appellant did not have the opportunity to raise such issue in the trial court, we will ordinarily remand the case to the lower court for resolution of such issue, with the right in the appellant to appeal the ruling." *Howard v. State*, 233 Ga. App. 724, 729 (7) (505 SE2d 768) (1998). Therefore, we remand Case No. A98A2206 to the trial court for consideration of Adkinson's ineffective assistance of counsel claim.

*Case No. A98A2207*

3. In Kimberly Adkinson's first enumeration of error, she contends that her trial counsel was ineffective.

"In order to prevail on a claim of ineffective assistance of counsel, appellant must show both that counsel's performance was deficient and, but for the deficiency, the outcome of the trial would have been different. *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984). Furthermore, there is a strong presumption that trial counsel's performance falls within the wide range of reasonable professional assistance, and that any challenged action by trial counsel might be considered sound trial strategy. Moreover, a trial court's finding that a defendant has been provided effective assistance of counsel will not be reversed unless it is clearly erroneous." (Citations and punctuation omitted.) *Clay v. State*, 232 Ga. App. 656, 657 (1) (503 SE2d 560) (1998).

(a) Adkinson contends that her trial counsel was ineffective because he did not present a battered woman defense on her behalf. However, trial counsel testified at the motion for new trial hearing that he made a tactical decision to present a lack of intent defense which was consistent with her statement to the police that she

thought there was no bullet in the chamber of the gun when she pulled the trigger. Because trial counsel's decision might be considered sound trial strategy, Adkinson's claim is without merit.

(b) Adkinson asserts that her trial counsel was ineffective in that he failed to move to sever her trial from her husband's trial. Trial counsel was unable to impeach Robert Adkinson with his previous convictions when he took the stand as a State's witness because the issues for trial were not severed. However, because Kimberly Adkinson admitted to the shooting and her involvement with the drugs, she has failed to demonstrate that there is a reasonable probability that the outcome of the trial would have been different but for the performance of her counsel. See *Clay*, supra.

4. Adkinson contends that her conviction of drug possession with the intent to distribute was based on insufficient evidence because it was based solely on the uncorroborated testimony of her co-defendant, Robert Adkinson. However, in her statement, Kimberly Adkinson admitted her knowledge of the drugs and admitted putting some of them in the vehicle where they were found. Such slight evidence is sufficient to corroborate her co-defendant's testimony regarding her participation in the criminal act. See *Givens v. State*, 227 Ga. App. 861 (490 SE2d 530) (1997).

5. Additionally, Adkinson contends that the trial court erred in denying her motion for an appeal bond. However, OCGA § 17-6-1 (g) provides that the granting of an appeal bond is within the sound discretion of the trial court, and we find no abuse of same.

*Judgment affirmed in Case No. A98A2207. Judgment affirmed in part, reversed in part and remanded in Case No. A98A2206. McMurray, P. J., and Eldridge, J., concur.*

DECIDED FEBRUARY 5, 1999.

*Ann C. Stahl*, for appellant (case no. A98A2206).

*Henderson & Associates, Daniel L. Henderson*, for appellant (case no. A98A2207).

*T. Joseph Campbell, District Attorney, Mickey R. Thacker, Lance T. McCoy, Assistant District Attorneys*, for appellee.