## A00A0605. HAMILTON v. THE STATE.
(528 SE2d 843)

McMurray, Presiding Judge.

Defendant Roy Hamilton was indicted on one count of selling cocaine, one count of possessing cocaine with intent to distribute, and one count of possessing less than an ounce of marijuana. He was convicted on both cocaine counts and acquitted on the marijuana charge. Hamilton appeals from the denial of his motion for new trial. *Held*:

In his sole assertion of error, Hamilton contends the trial court abused its discretion in refusing to declare a mistrial after the confidential informant, David Dobbs, testified that he had "found out that Roy Hamilton was selling cocaine out of a residence on Greenough Road." Hamilton argues this testimony impermissibly placed his character in issue. We disagree.

Dobbs made the statement after the prosecutor asked Dobbs how he became involved in the purchase of cocaine from Hamilton. Afterward, Dobbs testified that Hamilton "told me that he would be more than willing to pay me with crack cocaine" for electrical work that Hamilton wanted done on his house. Next, Dobbs testified that he immediately contacted the Southwest Georgia Drug Task Force, which arranged the transaction that led to Hamilton's arrest and conviction.

The evidence at issue was properly admitted to explain the circumstances leading to Hamilton's arrest. *Sledge v. State*, 223 Ga. App. 488 (1) (477 SE2d 898) (confidential informant's testimony that defendant was on a list of people from whom drugs could be purchased deemed admissible to explain circumstances leading to defendant's arrest); *Carson v. State*, 208 Ga. App. 534, 535 (4) (431 SE2d 156) (officer's testimony that he sought out defendant on the night in question because defendant was a potential target in a drug investigation held admissible to explain circumstances leading to defendant's arrest); *Frazier v. State*, 195 Ga. App. 599, 600 (4) (394 SE2d 396) (officer's testimony that he was told defendant would be able to supply him with cocaine held admissible to explain circumstances leading to defendant's arrest).

Contrary to Hamilton's argument, *Hart v. State*, 174 Ga. App. 134 (329 SE2d 178), does not require reversal of his conviction. In *Hart*, an investigating officer testified that he received information from a confidential informant that the defendant "was selling cocaine out of the apartment that he lived in." This court ruled that the testimony did not fall within any exception to the hearsay rule, improperly placed the defendant's character in issue, and was erroneously admitted to show the defendant's motive and intent.

Unlike *Hart*, in the case sub judice the confidential informant testified and was subject to cross-examination. Moreover, the infor-

mant's testimony was merely cumulative of the earlier testimony of Southwest Georgia Drug Task Force Investigator Tim Williams. When asked how he knew cocaine might be found at Hamilton's residence, Williams replied that the task force had been informed by Dobbs that Hamilton offered to pay Dobbs with cocaine and that Hamilton told Dobbs to come to his residence to obtain it. "Whether to grant a motion for mistrial is within the trial court's sound discretion, and the trial court's exercise of that discretion will not be disturbed on appeal unless a mistrial is essential to preserve the defendant's right to a fair trial." *Ottis v. State*, 271 Ga. 200, 201 (3) (517 SE2d 525).

Considering Dobbs' statement in the context of all the other evidence, we do not find that a mistrial was necessary to preserve Hamilton's right to a fair trial.

*Judgment affirmed. Johnson, C. J., and Phipps, J., concur.*

DECIDED JANUARY 25, 2000.

*John L. Tracy*, for appellant.

*J. Brown Moseley*, District Attorney, *Victoria Spear-Darrisaw*, Assistant District Attorney, for appellee.