A99A1840. ATKINSON v. THE STATE.
(531 SE2d 743)

BLACKBURN, Presiding Judge.

Following a jury trial, Robert John Atkinson appeals his convictions for misdemeanor possession of marijuana, felony possession of marijuana, and trafficking in cocaine. Atkinson contends that the evidence was insufficient to support his possession of marijuana convictions. Because longstanding Georgia law permits the identification of marijuana by evidence and testimony other than a chemical or scientific test, we affirm.

> [O]n appeal the evidence must be viewed in a light most favorable to the verdict, and appellant no longer enjoys a presumption of innocence; moreover, on appeal this court determines evidence sufficiency, and does not weigh the evidence or determine witness credibility. Conflicts in the testi-

---

mony of the witnesses [are] a matter of credibility for the jury to resolve.

(Citations and punctuation omitted.) *Taylor v. State*, 226 Ga. App. 254, 255 (485 SE2d 830) (1997).

Atkinson was arrested after police answered a call from a woman who reported that she had argued with Atkinson and he would not permit her to reenter his apartment to retrieve her purse. Officer J. E. Cebula and another officer responded to the dispute and were greeted by Atkinson, the sole occupant of the apartment, at the door. With Atkinson's permission, the officers entered the apartment and questioned him. During their conversation, Cebula noticed on the coffee table and in plain view what he believed to be numerous partially smoked marijuana cigarettes. He also noticed an open box containing rolling papers, matches, and a marijuana pipe. Cebula requested permission to search the apartment, which Atkinson refused. Cebula then contacted the Marietta/Cobb/Smyrna Narcotics Unit and requested that a search order be processed while he remained on the premises. As they waited, Atkinson became "belligerent" and "more and more agitated," and Cebula arrested him for possession of marijuana. Shortly thereafter, Agents Hester and Mitchell arrived on the scene with the search warrant. In the course of executing the warrant, they discovered over one ounce of what they believed to be marijuana and a baggie of what they suspected was cocaine.

Atkinson was convicted by a Cobb County jury on charges of trafficking in cocaine, possession of marijuana in an amount greater than one ounce (a felony) and possession of marijuana in an amount less than one ounce (a misdemeanor). At trial, a forensic chemist from the Georgia Bureau of Investigation Crime Lab testified to the composition and chemical purity of the cocaine but acknowledged that he did not test the marijuana.

1. In his amended motion for new trial, Atkinson raised a sufficiency of the evidence argument based on the absence of a scientific test of the marijuana. In a well-supported and thoughtful order, the trial court summarized the existing Georgia law and concluded that expert testimony based on scientific tests was not required to establish that the substance in question was marijuana. We agree.

The recovered marijuana was not without evidentiary value due to the lack of expert testimony since identification of a material or substance may be made by other than expert testimony. [Cits.] Here, defendant did not challenge the identification of the marijuana and made no objection to the

testimony as to the nature of the substance found in the bags.

*Wiley v. State*, 238 Ga. App. 334, 336 (5) (519 SE2d 10) (1999). It is well established that expert testimony is not necessary to identify a substance, including drugs. *Burroughs v. State*, 190 Ga. App. 467, 470 (1) (b) (379 SE2d 175) (1989); *Rabern v. State of Ga.*, 221 Ga. App. 874, 875 (2) (473 SE2d 547) (1996). And even if police officers are not formally tendered as expert witnesses, if an adequate foundation is laid with respect to their experience and training, their testimony regarding narcotics is properly admitted. *Burse v. State*, 232 Ga. App. 729, 730-731 (1) (503 SE2d 638) (1998).

In this case, the record establishes that the officers did, in fact, have extensive training in the narcotics field, including specialized training, relevant classes, and extensive experience with handling previous narcotics cases. As a result, the trial court was within its discretion in permitting the officers to give their opinion that the substance in question was marijuana. *Millwood v. State*, 166 Ga. App. 292, 293 (3) (304 SE2d 103) (1983). "An expert is one whose habits and profession endow him or her with a [particular] skill in forming an opinion on the subject matter in inquiry." (Punctuation omitted.) *Sales v. State*, 199 Ga. App. 791 (1) (406 SE2d 131) (1991). This Court has recognized such a combination of training and experience as sufficient to qualify one as an expert witness. *Smith v. State*, 210 Ga. App. 451, 452 (3) (436 SE2d 562) (1993). It follows that these officers' testimony regarding their training and experience in the field of narcotics identification was sufficient to support their identification of the substance they found as marijuana, even though they were not tendered or qualified as experts. *Burse*, supra.

Officer Cebula testified that he was assigned to the MCS unit of the Cobb County Police Department for three years as an undercover drug agent. During this work, he became familiar with controlled substances, including marijuana. He also attended a 40-hour, week-long drug identification school at the Georgia Police Academy and became a state-certified marijuana tester. He testified that he was able to distinguish marijuana from items that appear to be marijuana but in fact are not. The partially smoked cigarettes were shown to Cebula at trial, and he testified that in his opinion, based on his training and experience, they were marijuana.

Officer Hester testified that he has become familiar with and handled actual marijuana "constantly" as a part of his training and his job in the MCS unit for four years. He has attended two separate drug identification courses focusing primarily on marijuana and has made several cases involving seizures of marijuana over the past four years. Because of his training and experience, he was able to identify

the bag of marijuana he found in a toolbox in Atkinson's apartment, even without a scientific test. On cross-examination, he denied that he had ever encountered any other substance that appeared to be marijuana but was not.

Officer Mitchell testified that he attended specialized classes during his tenure as an undercover agent with the MCS unit. These included training for high-risk drugs and search warrants for drugs. He also had investigated numerous marijuana cases. On cross-examination, he rejected Atkinson's suggestion that his testimony was merely his opinion and not factual: "I know what marijuana looks like. I've dealt with it hundreds of times. I know what it smells like. I know what it looks like. I didn't do a test on it, but I do know that is marijuana."

On cross-examination, Atkinson was able to elicit an acknowledgment from Cebula that not everything that looks like marijuana is in fact marijuana. But Cebula also testified that he was able to make that distinction on the basis of his training and experience. To the extent that this amounted to contradictory testimony, it is not, as Atkinson contends, dispositive of the issue of sufficiency of the evidence. The credibility of witness testimony lies within the discretion of the jury. See *Taylor*, supra. In making its decision, the jury as trier of fact was authorized to believe parts of the officers' testimony and reject other parts. *Hicks v. State*, 221 Ga. App. 735, 736 (1) (472 SE2d 474) (1996).

Other circumstances surrounding the arrest also support the jury's verdict. The opinion testimony in this case is further reinforced by the presence of drug paraphernalia, such as hemostats, pipes, rolling papers, and partially smoked cigarettes, as well as crack pipes and other cocaine paraphernalia and substances to "cut" cocaine and prepare it for sale. Moreover, Atkinson did not object to the officers' testimony or contend at trial that the substance was anything but marijuana. *Rabern*, supra. For all these reasons, the State has established sufficient evidence to enable a rational trier of fact to sustain Atkinson's marijuana convictions. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Atkinson's reliance on *Adkinson v. State*, 236 Ga. App. 270, 271 (1) (a) (511 SE2d 527) (1999), is misplaced. *Adkinson* and *Phillips v. State*, 133 Ga. App. 392, 393 (210 SE2d 858) (1974), required reversal of the defendants' convictions under circumstances which do not exist in the present case. Specifically, in those cases, the evidence did not exclude every reasonable hypothesis save that of the guilt of the defendants. See *Jackson v. Virginia*, supra.

*Adkinson* relied upon *Phillips*, a case which was factually similar. *Phillips* involved a possession of marijuana conviction arising out of the execution of a search warrant of a mobile home owned by a

third party. Phillips, Dean, and Brady were present. Dean was observed with a plastic bag that was shown by expert testimony to contain marijuana. Several cigarette butts were also shown by expert testimony to contain marijuana, but the record does not reflect where this evidence was found. Phillips leased a bedroom in the trailer where an egg carton was found containing growing plants about one inch in size. The Court held that these plants were the only evidence relevant to the appeal as Phillips was not shown to be in possession of either the baggie or the cigarette butts.

The plants, which were never analyzed or inspected by the State Crime Laboratory, were taken to the sheriff's office and discarded. The sheriff testified that he thought that the seized plants were marijuana, "but to know I don't." He had previously observed a growing marijuana plant. In *Phillips*, the State's expert from the crime laboratory testified "that many other hemp plants and marijuana have similarities, look alike, and that the only way the crime laboratory can determine whether or not a growing plant contains marijuana is by a chemical analysis." Id. at 393.

In reversing Phillips' conviction for possession of marijuana, this Court determined that:

[a]lthough the sheriff was permitted to state in his inexpert opinion that these small plants were marijuana, this statement is insufficient to exclude "every other reasonable hypothesis save that of the guilt of the defendant." This conclusion is demanded as a matter of law in view of the testimony of the expert that a marijuana plant is similar in appearance to other hemp plants. It follows that it would be a reasonable hypothesis that the plants could have been hemp and hemp plants do not authorize convictions.

*Phillips*, supra at 393.

*Adkinson* involves, inter alia, violations of the Georgia Controlled Substances Act and possession by Adkinson of marijuana found in his car. At trial, the GBI chemist testified that although he thought the green leafy material was marijuana, he did not test it, so he could not testify beyond a reasonable doubt that it was marijuana. One narcotics investigator testified that there are a lot of leafy substances that look like marijuana but are not marijuana.

Like *Phillips*, this evidence does not exclude every reasonable hypothesis save that of the guilt of the defendant. See *Jackson v. Virginia*, supra. "It follows that it would be a reasonable hypothesis that the [material found] could have been hemp and hemp plants do not authorize convictions." *Phillips*, supra at 393. Reversal under these facts was required. It does not follow, however, that no lawful convic-

tion could ever be obtained absent a scientific test of the substance, and to the extent that Atkinson's argument implies that evidence must be scientifically conclusive in order to identify marijuana or other drugs, it is without merit.

2. In his brief, Atkinson presents no citations to the record or transcript and no argument to challenge his conviction for trafficking in cocaine, other than a single sentence making the conclusory statement that the evidence is insufficient, followed by a general citation to *Jackson v. Virginia*, supra. "Mere conclusory statements such as those made here are not the type of meaningful argument contemplated by that rule. [Cits.]" *Jenkins v. State*, 240 Ga. App. 102, 103 (1) (522 SE2d 678) (1999). Under Court of Appeals Rule 27 (c) (2) and (3), therefore, Atkinson's appeal of the cocaine trafficking conviction is deemed abandoned.

*Judgment affirmed. Johnson, C. J., McMurray, P. J., Pope, P. J., Andrews, P. J., Smith, Ruffin, Eldridge, Barnes, Miller, Ellington and Phipps, JJ., concur.*

DECIDED MARCH 17, 2000 —
RECONSIDERATION DISMISSED APRIL 14, 2000.

*Lawrence W. Daniel*, for appellant.
Robert J. E. Atkinson, *pro se.*
*Patrick H. Head, District Attorney, Irvan A. Pearlberg, Debra H. Bernes, Maria B. Golick, Assistant District Attorneys*, for appellee.