A02A1461. FULLER v. THE STATE.
(570 SE2d 43)

BLACKBURN, Chief Judge.

Randy S. Fuller appeals his convictions, following a jury trial, of driving under the influence of alcohol and marijuana to the extent that he was a less safe driver, possession of marijuana of less than one ounce, and possession of a firearm by a convicted felon. Fuller contends that the trial court erred in (1) overruling his motion to suppress because the officer did not have probable cause for the traffic stop, (2) denying his motion for a directed verdict on the marijuana possession charge, and he also argues that (3) there was insufficient evidence to support the verdict of driving under the influence of alcohol and marijuana. For the reasons set forth below, we affirm in part and reverse in part.

We note that Fuller fired his attorney on the day of the trial after being warned of the dangers of this action by the trial judge, and over his advice not to do so. The trial court required Fuller's attorney to sit with him during the trial and provide advice. Fuller insisted on exercising his constitutional right to represent himself. Fuller was tried by a jury and convicted. Because Fuller was not informed of his appellate rights, he was granted the right to file an out-of-time

---

[5] *Kearney v. State*, 184 Ga. App. 64, 66 (360 SE2d 633) (1987).
[6] *Taylor v. State*, 186 Ga. App. 113, 115 (3) (366 SE2d 422) (1988).

appeal in Floyd County Superior Court. Counsel was appointed to represent him on appeal.

"In reviewing [Fuller's] challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the jury's verdict. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld." (Punctuation and footnote omitted.) *Kelly v. State.*[1]

So viewing the evidence, the record shows that at approximately 10:15 p.m. on December 17, 1999, John Blalock, a Floyd County police officer, observed a small pickup truck with a broken taillight traveling on Huffaker Road, with a Floyd County posted speed limit of 40 mph. The officer observed that the vehicle did not maintain a steady speed, but radically fluctuated between 30 and 50 mph. The officer stopped the truck to investigate. The vehicle was driven by Fuller and contained a passenger. Upon approaching the truck, the officer detected a mild odor of alcoholic beverages and marijuana. The officer testified that Fuller's hands and voice shook, he avoided eye contact, and he was nervous. Fuller consented to an alco-sensor test, which indicated positive for alcohol. Blalock administered four sobriety tests, concluded that Fuller was under the influence of alcohol and marijuana, and arrested him for DUI. After the officer read the implied consent warning, Fuller became belligerent and refused a urine test. When the officer returned to the truck to speak with the passenger, he observed an open bag containing bullets on the front seat. Incident to Fuller's arrest, Blalock searched the truck. Three guns and more ammunition were located in the vehicle during the search. In addition, a plastic bag with marijuana seeds was found in the pocket of a coat in the vehicle. Blalock determined that the coat belonged to Fuller rather than the passenger based on its size. No other drugs or drug paraphernalia were discovered.

1. Fuller argues that the trial court erred in overruling his motion to suppress because the State did not have probable cause for the traffic stop and that the stop was pretextual. He apparently bases this contention on the fact that he was not given a traffic citation for the broken taillight. He contends that the variation in his speed was due to the fact that he was traveling on a curvy, hilly road at night.

When we review a trial court's decision on a motion to suppress, the evidence is construed most favorably to uphold the findings and judgment of the trial court; the trial court's

---

[1] *Kelly v. State*, 242 Ga. App. 30, 31 (1) (528 SE2d 812) (2000).

findings on disputed facts and credibility are adopted unless they are clearly erroneous and will not be disturbed if there is any evidence to support them.

(Punctuation omitted.) *State v. Bute*.[2]

Blalock testified that he stopped Fuller for a broken taillight and the fluctuation in the speed of his vehicle. The broken taillight provides probable cause for the traffic stop since it constituted a valid traffic violation under OCGA § 40-8-23. The United States Supreme Court has held that the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred. Further, a stop is not rendered invalid under the Fourth Amendment by the officer's subjective intentions. *Whren v. United States*.[3] Similarly, we noted in *Hines v. State*[4] (in which the traffic violations were equipment violations as in the present case) "the stop of a vehicle is authorized if an officer observes the commission of a traffic offense" and even if the motorist ultimately was not cited for the violation for which he was stopped. Id. at 477. Thus, Fuller's motion to suppress arguing the stop was pretextual must fail. *Smith v. State*.[5]

2. Fuller asserts that there was insufficient evidence to support a verdict of driving under the influence of alcohol and marijuana to the extent he was a less safe driver. Here, the State had the burden of showing that Fuller had consumed alcohol and marijuana to the extent that he was a less safe driver. The State may offer the opinion testimony of police officers to make this showing. *Stone v. State*.[6] "On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility." *Tanner v. State*.[7]

In this case, testimony of the arresting officer provided sufficient evidence from which a jury could conclude that Fuller had consumed alcohol and marijuana to the extent that he was a less safe driver. He testified that he detected the odor of alcohol and marijuana when he approached the truck. On cross-examination, he also indicated that Fuller, himself, smelled of marijuana. Further, the jury was authorized to infer from Fuller's refusal to take a urine test that it would reveal the presence of alcohol and marijuana in Fuller's system.

---

[2] *State v. Bute*, 250 Ga. App. 479 (552 SE2d 465) (2001).
[3] *Whren v. United States*, 517 U. S. 806, 810 (116 SC 1769, 135 LE2d 89) (1996).
[4] *Hines v. State*, 214 Ga. App. 476 (448 SE2d 226) (1994).
[5] *Smith v. State*, 240 Ga. App. 150, 151 (1) (522 SE2d 744) (1999).
[6] *Stone v. State*, 248 Ga. App. 190, 191 (1) (546 SE2d 787) (2001).
[7] *Tanner v. State*, 225 Ga. App. 702, 703 (484 SE2d 766) (1997).

*Aldridge v. State.*[8] The officer provided not only his observations of Fuller's fluctuation in driving speed as evidence that he was less safe to drive, but also his opinion that Fuller failed the sobriety tests and his scrutiny of Fuller's behavior, his shaky hands, and voice. Therefore, under the standard of *Jackson v. Virginia*,[9] the evidence supports Fuller's DUI conviction. *Tanner*, supra. See also *Martin v. State*[10] (holding evidence sufficient to authorize finding that the defendant was under the influence to the extent that he was a less safe driver where the officer testified that the defendant was unsteady on his feet, his eyes were bloodshot, a strong odor of alcohol permeated his body and clothes, the alco-sensor test was positive, he refused to submit to field sobriety tests, and he shouted obscenities at him).

3. Fuller's final enumeration of error is that the trial court should have granted his motion for a directed verdict on the marijuana possession charge because there was no positive identification of the seeds found in the coat pocket as marijuana. No lab tests were conducted on the seeds. At trial, the arresting officer gave his opinion, based on his experience, that the seeds were marijuana because of their shape, color, and smell. Next, the State offered a Floyd County police investigator and evidence custodian as an expert on identifying marijuana. He testified that he was certified to analyze marijuana samples, but had no training specifically on marijuana seeds, and that if he were given seeds of the same size, he could not guarantee he would be able to identify the seeds with certainty. He testified that the three tests he used on green, leafy materials to identify them as marijuana were not available to identify seeds as marijuana, and that the only real way to tell if the seeds were marijuana was to plant them and see what grew. He indicated that the only particular characteristics they had were size, shape, surface texture, and colorations; he had not noticed any particular odor to the seeds themselves. Upon Fuller's objection to the investigator's further testimony as an expert in identification, the trial court excused the witness.

The State relies on *Atkinson v. State*,[11] in which we held that identification testimony of experienced officers was admissible, and expert testimony based on scientific tests is not required to establish a substance is marijuana. Further, the State points out that the credibility of witness testimony lies within the discretion of the jury rather than this Court.

---

[8] *Aldridge v. State*, 237 Ga. App. 209, 212 (1) (515 SE2d 397) (1999).
[9] *Jackson v.Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[10] *Martin v. State*, 216 Ga. App. 25 (453 SE2d 498) (1995).
[11] *Atkinson v. State*, 243 Ga. App. 570 (531 SE2d 743) (2000).

In the present case, the testimony of the two officers presents circumstances similar to those in *Adkinson v. State*[12] and *Phillips v. State*,[13] in which we held the evidence was insufficient to support a conviction. In *Adkinson*, supra at 271 (1) (a), although a detective testified to his belief that the substance was marijuana, a chemist stated he could not testify beyond a reasonable doubt that the substance was marijuana without testing it, and an investigator testified that there are a lot of leafy substances that look like marijuana. Based on the evidence presented, we held that the defendant's conviction for possession of marijuana with intent to distribute could not stand. Likewise, in *Phillips*, supra, the sheriff's testimony that he thought plants were marijuana was insufficient to support the possession of marijuana conviction in light of an expert's testimony that a marijuana plant was similar in appearance to other hemp plants. Specifically, we stated:

> Although the sheriff was permitted to state in his inexpert opinion that these small plants were marijuana, this statement is insufficient to exclude "every other reasonable hypothesis save that of the guilt of the defendant." This conclusion is demanded *as a matter of law* in view of the testimony of the expert that a marijuana plant is similar in appearance to other hemp plants.

(Emphasis supplied.) Id.

Here, the testimony by the investigator, who was qualified as an expert to identify marijuana, that he would be unable to conclusively identify the seeds as marijuana contradicts Officer Blalock's identification of the seeds. Further, unlike the situation in *Atkinson*, supra, no other drugs or drug paraphernalia were discovered on Fuller's person or in his truck. Without further evidence identifying the seeds as marijuana, we cannot say the testimony would be sufficient to exclude "every other reasonable hypothesis save that of the guilt of the defendant." The testimony of the officer that he smelled the odor of marijuana on the defendant and the fact that the defendant refused to take the urine test support the jury's determination that Fuller was under the influence to the extent that he was a less safe driver, but do not identify the nature of the seeds and are not, therefore, sufficient to exclude every other reasonable hypothesis except that the seeds were marijuana. Accordingly, it was error for the trial court to deny the motion for directed verdict, and Fuller's conviction for possession of less than an ounce of marijuana must be reversed.

---

[12] *Adkinson v. State*, 236 Ga. App. 270 (511 SE2d 527) (1999).
[13] *Phillips v. State*, 133 Ga. App. 392, 393 (210 SE2d 858) (1974).

*Judgment affirmed in part and reversed in part. Johnson, P. J., and Miller, J., concur.*

DECIDED JULY 30, 2002.

*Teddy L. Henley*, for appellant.

*Bryant G. Speed II, District Attorney, Charles S. Cox, Assistant District Attorney*, for appellee.