A04A0023. JONES v. THE STATE.
(601 SE2d 763)

MIKELL, Judge.

After a jury trial, Benjamin R. Jones was convicted of possession of cocaine with intent to distribute and possession of marijuana. The court sentenced him to seven years confinement and five years probation.[1] Jones appeals the denial of his motion for new trial,

---

[1] This is the second appearance of this case before this Court. In *State v. Jones*, 265 Ga. App. 493 (594 SE2d 706) (2004), we vacated Jones's sentence and remanded the case for resentencing because under OCGA § 17-10-7 (c), Jones must serve at least ten years in prison, without parole. Jones's petition for writ of certiorari is pending before the Supreme Court.

arguing that the evidence was insufficient to support the verdict and that he was denied the effective assistance of counsel. We affirm.

On appeal from a criminal conviction, the evidence is viewed in the light most favorable to the verdict. *Paul v. State*, 231 Ga. App. 528 (499 SE2d 914) (1998). We do not weigh the evidence or determine witness credibility but only determine whether the evidence is sufficient under *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). The verdict must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Williams v. State*, 233 Ga. App. 217 (1) (504 SE2d 53) (1998).

So viewed, the evidence shows that on April 12, 2000, Deputies Joiner, Walden, and Lance of the Harris County Sheriff's Department went to Jones's home to execute an arrest warrant for Jones's violation of probation. After admitting that he was Benjamin Jones, Jones was taken into custody by Deputy Joiner. Deputy Joiner asked Jones to lean up against Jones's pickup truck so that he could conduct a routine pat-down for weapons. During the pat-down, the officers observed Jones reach into the back of the pickup truck. Deputy Joiner asked Jones what he was doing, and Jones stated that he was "putting out a joint." Jones then told Deputy Joiner that they had "caught him this time, because he had some dope in his front pocket." Deputy Joiner recovered a bag of cocaine and a bag of marijuana from Jones's pocket. At trial, Deputy Joiner testified that he placed the contraband, including the "joint," into an evidence bag, sealed the bag, wrote Jones's name on the bag and then personally delivered it to the Georgia Bureau of Investigation ("GBI") crime lab.

At trial, Matthew Simon, a forensic chemist with the GBI, testified that the evidence bag arrived at the GBI crime lab on April 13, 2000, and that on April 19, 2000, he opened the sealed evidence bag which was marked with Jones's name, the sheriff's office case number, and Deputy Joiner's initials. Simon stated that the bag did not appear to have been tampered with in any way. According to Simon, the solid material in the bag was cocaine weighing 7.3 grams. Simon testified that he has performed two to three thousand tests on marijuana and that he has never visually misidentified suspected marijuana. Simon acknowledged that no tests were performed on the suspected marijuana, but that in his opinion, the leafy material in the bag and the "joint" were marijuana. On May 4, 2000, the GBI returned a "grocery sack of evidence," including the contraband recovered from Jones's pocket, to Deputy Lance, who gave it to Lieutenant Tim Menard of the Harris County Sheriff's Department. Later, Simon attempted chemically to test the suspected marijuana, but he was unable to do so because the evidence could not be found by the Harris County Sheriff's Department.

Lieutenant Menard, the primary evidence custodian at the time of Jones's arrest, testified that he received the evidence from Deputy Lance and placed it in the evidence room and locked the door. Lieutenant Menard acknowledged that he has been unable to locate the evidence because of an inventory back-log. Lieutenant Menard further testified that he has worked for 11 years investigating illegal drug activity and that in his opinion, possession of 7.3 grams of cocaine indicated an intent to distribute.

1. Jones first argues that the evidence was insufficient to support his convictions because the state failed to prove the chain of custody of the drugs, and no suspected drugs were produced at trial. We disagree.

In *Chancey v. State*, 256 Ga. 415, 421 (1) (A) (c) (349 SE2d 717) (1986), cert. denied, *Chancey v. Georgia*, 481 U. S. 1029 (107 SC 1954, 95 LE2d 527) (1987), our Supreme Court recognized that the state's failure in a drug possession case to introduce the alleged drug raises substantial questions as to the sufficiency of the evidence to authorize a guilty verdict. However, the Supreme Court noted that even though "the concept of corpus delicti requires that in a drug-possession case there be proof by the state that the defendant possessed . . . the illegal drug . . . , there is no invariable requirement that in every such case, the drug itself be produced." Id. See also *Slade v. State*, 222 Ga. App. 407, 408 (1) (474 SE2d 204) (1996) ("the [s]tate is not required to introduce the illegal drug itself into evidence") (citation omitted). Here, the forensic chemist confirmed that the solid substance in the bag tested positive for cocaine and testified that in his expert opinion, the leafy material was marijuana. Additionally, Jones told Deputy Joiner that he was "putting out a joint" and that he had "dope" in his pocket, and all three deputies testified that Deputy Joiner pulled a bag of cocaine and a bag of marijuana out of Jones's pocket. In light of the testimony in this case, the state's failure to produce the drugs at trial does not require reversal of Jones's convictions.

Jones's challenge to the chain of custody also fails.

In order to show the chain of custody adequate to preserve the identity of fungible evidence, the [s]tate has the burden of proving with reasonable certainty that the evidence is the same as that seized and that there has been no tampering or substitution. However, the [s]tate need not foreclose every possibility of tampering, and need only show "reasonable assurance" of the identity of the evidence.

(Citations and punctuation omitted.) *Slade*, supra. Here, the state has met its burden. Through the testimony of Deputies Joiner, Walden, and Lance, the forensic chemist, and Lieutenant Menard,

the state traced the travels of the drugs found in Jones's pocket to the GBI crime lab. Accordingly, the state has given reasonable assurance of the identity of the evidence.

Jones's contention that his marijuana conviction should be reversed because the forensic chemist never tested the suspected marijuana also lacks merit. In *Atkinson v. State*, 243 Ga. App. 570 (531 SE2d 743) (2000), we held that identification testimony of experienced officers was admissible, and expert testimony based on scientific tests is not required to establish a substance is marijuana. Id. at 571-573 (1). But see *Chambers v. State*, 260 Ga. App. 48 (579 SE2d 71) (2003).

In *Chambers*, we reversed the defendant's conviction for possession of marijuana, finding that, "[g]iven the exceedingly specific and scientific definition of [marijuana], the instances in which the [s]tate could exclude reasonable doubt without performing conclusive, scientific tests on the suspected marijuana would be very rare." Id. at 53 (1). One of those rare instances is when there is circumstantial evidence that the defendant acts as if the substance is marijuana or treats it like marijuana or, as here, refers to it as marijuana. The expert opinions of the officers — based on visual observation, and sometimes feel or smell — plus that circumstantial evidence is enough, even absent conclusive scientific testing.

Jones's statement to Joiner that he was "putting out a joint" coupled with the opinion testimony in this case supports the jury's verdict. Moreover, Jones never challenged the identification of the marijuana or argued that it was anything but marijuana, and made no objection to Simon's testimony. For these reasons, the state has established sufficient evidence to enable a rational trier of fact to sustain Jones's marijuana conviction.

2. Jones also argues that his trial counsel was ineffective in failing to object to the testimony about the existence of an arrest warrant for violation of probation and in failing to object to the introduction of the warrant into evidence. Jones argues that evidence of the warrant improperly injected his character into issue. We disagree.

At trial, Deputy Joiner testified, without objection, that he went to Jones's residence to execute an arrest warrant. Deputy Lance testified, without objection, that he accompanied the other officers to execute a warrant. Deputy Walden testified, without objection, that he went to Jones's residence to execute a probation warrant. The actual arrest warrant was introduced into evidence without objection, but Jones's original offense — possession of cocaine — was redacted.

"Evidence which incidentally puts character in issue may be admitted if otherwise relevant." (Citation omitted.) *Waldrip v. State*,

267 Ga. 739, 748 (11) (482 SE2d 299) (1997). The evidence at issue here was relevant to explain why the officers went to Jones's residence. See *Hamilton v. State*, 242 Ga. App. 77 (528 SE2d 843) (2000). But see *Racquemore v. State*, 204 Ga. App. 88, 89 (2) (418 SE2d 448) (1992) (in prosecution for theft by shoplifting, statement by store manager that defendant was on probation and living in a half-way house improperly placed defendant's character in issue because it was immaterial to issue of motive, intent and course of conduct); *Richardson v. State*, 199 Ga. App. 10, 11 (2) (403 SE2d 877) (1991) (when asked whether he knew defendant, officer's response that he knew defendant from previous arrest warrants improperly placed defendant's character in issue). That the evidence showed that Jones was on probation and/or in violation of his probation does not change the result here. See, e.g., *Wood v. State*, 264 Ga. App. 787, 789 (1) (a) (592 SE2d 455) (2003) ("merely mentioning that a defendant has been in jail falls short of placing his character at issue") (footnote omitted). "Testimony explaining the reason for appellant's arrest need not be excluded simply because it incidentally shows the commission of another crime." (Citation omitted.) *Waldrip*, supra. Since the evidence at issue did not impermissibly put Jones's character in issue, Jones cannot complain of his trial counsel's failure to object to the evidence. See *Sanders v. State*, 245 Ga. App. 701, 703 (4) (b) (538 SE2d 772) (2000).

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED JULY 1, 2004.

*William J. Mason*, for appellant.

*J. Gray Conger, District Attorney, Mark C. Post, Assistant District Attorney*, for appellee.