## A09A0673. DULCIO v. THE STATE.

(677 SE2d 758)

ANDREWS, Presiding Judge.

Kernio Dulcio appeals from the judgment entered after a jury found him guilty of possession with intent to distribute cocaine, possession of marijuana, obstruction of an officer, and tampering with evidence. Dulcio argues that the trial court erred in refusing to grant his motion for mistrial or motion for directed verdict as to the possession of marijuana count and also erred in refusing to give his requested charge on "bare suspicion." After reviewing the record, we conclude there was no error and affirm.

The evidence at trial, taken in the light most favorable to the verdict, was as follows. A confidential informant told officers that he had set up a drug buy with Dulcio on the following day for $1,000 worth of cocaine. Officers recorded a phone call from the informant to Dulcio setting up a meeting at the Waffle House. The officers were waiting at the Waffle House when Dulcio pulled into the parking lot. The confidential informant went out to Dulcio's car and, after talking to Dulcio through the window, signaled to the officers. As the officers approached, they saw Dulcio rip open one of the baggies lying on the seat beside him and start shoving the contents, later shown to be cocaine, into his mouth.

Officers shouted to him to show them his hands, but Dulcio did not respond. Dulcio resisted when officers tried to put handcuffs on him and they were forced to wrestle him to the ground before they could handcuff him.

Dulcio began vomiting up the cocaine he had swallowed and officers took him to a hospital. One officer testified that after being admitted to the emergency room, Dulcio told the doctor that he had eaten cocaine.

In addition to the plastic bag of cocaine that Dulcio tried to swallow, officers found other plastic bags of powder cocaine totaling 6.73 grams. The State also introduced similar transaction evidence of a charge of possession of cocaine with intent to distribute after Dulcio was stopped with 14 individually wrapped rocks of crack cocaine.

Dulcio testified in his own defense. He stated that he was not the person on the phone with the confidential informant; that the person on the phone was his friend James. Dulcio said that James told him

he could buy marijuana from someone who would be at the Waffle House. Dulcio said that when he arrived at the Waffle House, a man approached him, got in his car on the passenger's side, and handed him a bag of what looked like marijuana. Dulcio said that the man suddenly got out of the car and as he did so, dropped two clear bags onto the passenger seat. When the officers were coming toward him with their guns drawn, he said that he panicked and "shoved" the contents of one of the baggies into his mouth. Dulcio claimed he did not resist the officers but rather that the officers hit him and choked him until he threw up.

The above evidence was sufficient for the jury to find Dulcio guilty of the crimes charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

1. Dulcio argues that the trial court erred in denying his motion for mistrial or directed verdict on the possession of marijuana charge. Dulcio points out that the indictment charging him with possession of less than one ounce of marijuana in violation of OCGA § 16-13-30 was returned on September 10, 2007, but the substance was not tested until March 21, 2008, three days before trial.

After counsel objected, the trial court excluded the report because it had not been provided ten days before trial. The trial court also refused to allow the person who tested the marijuana to testify. The trial court did, however, allow the arresting officer to testify. The officer stated that, based on his training and extensive experience, he identified the substance found in Dulcio's console as marijuana. On cross-examination he acknowledged that without testing he could not be 100 percent certain that it was marijuana.

Dulcio argues that the State did not prove the substance was marijuana beyond a reasonable doubt. We disagree.

> It is well established that expert testimony is not necessary to identify a substance, including drugs. And even if police officers are not formally tendered as expert witnesses, if an adequate foundation is laid with respect to their experience and training, their testimony regarding narcotics is properly admitted.

(Punctuation omitted.) *Bilow v. State*, 262 Ga. App. 850, 851 (586 SE2d 675) (2003), citing *Atkinson v. State*, 243 Ga. App. 570, 572 (1) (531 SE2d 743) (2000).

Moreover, Dulcio did not argue that the substance was not marijuana, but rather referred to it as marijuana during his testi-

mony.[1] This, together with the officer's testimony was sufficient for the jury to find Dulcio guilty of possession of marijuana beyond a reasonable doubt. See *Jones v. State*, 268 Ga. App. 246, 249 (601 SE2d 763) (2004) (officers' opinion testimony coupled with defendant's referral to substance as marijuana sufficient to sustain conviction).[2]

2. Dulcio claims that the trial court erred in refusing to give his requested charge on "bare suspicion." That charge states: "Facts and circumstances that merely place upon the defendant a grave suspicion of the crime charged or that merely raise a speculation or conjecture of the defendant's guilt are not sufficient to authorize a conviction of the defendant." The court refused to give the charge because it did not believe it was adjusted to the facts of this case.

We agree. As the trial court correctly pointed out, the evidence, as set out above, raised more than a bare suspicion that Dulcio was guilty of the crimes charged. A defendant is not entitled to a charge on bare suspicion where the evidence raises more than a mere suspicion of his guilt. *Horne v. State*, 260 Ga. App. 640, 643 (5) (580 SE2d 644) (2003). Furthermore, because the trial court gave complete instructions on reasonable doubt and the presumption of innocence, the charge as a whole covered the principles of law embodied in the "bare suspicion" charge. *Jackson v. State*, 247 Ga. App. 273, 276 (2) (543 SE2d 770) (2000).

*Judgment affirmed. Miller, C. J., and Barnes, J., concur.*

DECIDED APRIL 22, 2009.

*Mary Erickson*, for appellant.
*Penny A. Penn, District Attorney, James A. Dunn, Assistant District Attorney*, for appellee.

---

[1] "I grabbed the marijuana, and I started immediately looking at the quality of it. . . ."

[2] But see *Chambers v. State*, 260 Ga. App. 48, 51 (579 SE2d 71) (2003) (although officers testified that the cigar contained marijuana, a GBI chemist did not test the substance and could not testify beyond a reasonable doubt that substance was marijuana); *Adkinson v. State*, 236 Ga. App. 270, 271 (511 SE2d 527) (1999) (evidence insufficient where detectives testified that they believed the substance was marijuana and a GBI chemist stated that he thought the material was marijuana but could not testify to that beyond a reasonable doubt).