### A10A0025. THURMOND v. THE STATE.
(696 SE2d 516)

PHIPPS, Presiding Judge.

Tiki Tywan Thurmond appeals the revocation of his probation for committing the felony offense of possession of cocaine with intent to distribute, in violation of his probation. He claims that there was insufficient evidence to support a finding that he committed the offense, because the evidence did not show either that he possessed the substance alleged to be cocaine or that the substance in fact was cocaine. Finding no error, we affirm.

A court may revoke any part of a probated sentence if "the evidence produced at the revocation hearing establishes by a preponderance of the evidence the [probation] violation or violations alleged."[1] "[T]his Court will not interfere with a revocation absent manifest abuse of discretion on the part of the trial court."[2]

The revocation petition charged that, while Thurmond was serving the probated portion of sentences on prior felony offenses, he violated a term of probation requiring that he "not violate the criminal laws of any government unit." At the hearing on the revocation petition, the state produced evidence that officers in a county narcotics squad were engaged in surveillance of Thurmond based on information from a confidential informant (CI) who had arranged to meet Thurmond in a parking lot to purchase cocaine. The CI was waiting in a vehicle in one area of the lot. The officers saw Thurmond drive into and circle the lot, then back up and park beside another car (not belonging to the CI) in a different area of the lot. Thurmond got into the passenger side of that car. The officers approached and removed Thurmond and the driver from the car, and one of the officers saw a clear plastic baggie containing what he believed was cocaine on the driver's side floorboard. No other suspected drugs were found in the car, in Thurmond's vehicle, or on Thurmond's person.

One of the officers testified to interviewing the car's driver. The driver told him that she had met Thurmond in the parking lot to

---

[1] OCGA § 42-8-34.1 (b).

[2] *Brown v. State*, 294 Ga. App. 1, 3 (2) (668 SE2d 490) (2008) (punctuation and footnote omitted).

discuss purchasing an "8-ball of cocaine," that she previously had bought cocaine from Thurmond, and that he had thrown the baggie onto the floor of the car when the police approached. At the revocation hearing, the driver testified that she believed Thurmond threw the baggie under her feet, although she did not see him throw it. She denied that the substance in the baggie belonged to her. When asked, however, whether she was "having discussions with [Thurmond] about purchasing an 8-ball of cocaine for a hundred dollars," she responded, "Kind of." She further testified that Thurmond had contacts through which he could help her obtain cocaine.

The officer also testified to interviewing Thurmond. Thurmond admitted that he was in the parking lot to meet the CI but denied that the substance in the baggie belonged to him.

The officer described the item taken from the car floorboard as a "clear plastic bagg[ie] with a white powdery substance in it." He did not remove the substance from the baggie or conduct a field test on it, and although the substance subsequently was sent to the crime laboratory, at the time of the revocation hearing the lab had not returned any test results on it. The officer testified, however, that he believed the substance was cocaine based on his training and experience and on the substance's look, feel and packaging, which were consistent with an "8-ball." He stated that he had been involved in "[s]everal hundred" cases involving cocaine, had field tested "hundreds" of substances that tested positive for cocaine, and had received training in the visual identification of cocaine. He also stated, based on his experience, that suspects frequently throw down drugs when approached by police.

The trial court found that the preponderance of the evidence showed Thurmond had violated his probation by committing a criminal act, and entered an order revoking the balance of Thurmond's probation. The court cited the car driver's testimony that the substance in the baggie did not belong to her, that she was in the parking lot in connection with a drug transaction, and that she had "either purchased, directly or indirectly, from [Thurmond], drugs in the past." The court also cited evidence that Thurmond had spoken with the CI about a drug transaction.

1. Thurmond contends that the evidence was insufficient to show that the substance was cocaine.

(a) Thurmond argues that the officer was not qualified to testify that the substance was cocaine. Specifically he contends that the state failed to establish the necessary foundation for the officer to testify to the substance's identity because he had only minimal relevant training in the visual identification of cocaine. Thurmond further asserts that the trial court instead improperly took judicial notice of the testifying officer's experience in identifying cocaine. But

in *Atkinson v. State*[3] we held:

> It is well established that expert testimony is not necessary to identify a substance, including drugs. And even if police officers are not formally tendered as expert witnesses, if an adequate foundation is laid with respect to their experience and training, their testimony regarding narcotics is properly admitted.[4]

Thus, the trial court in *Atkinson* was within its discretion in permitting officers who had not been tendered or qualified as experts to opine that a substance was marijuana, where the record established that the officers had "extensive training in the narcotics field, including specialized training, relevant classes, and extensive experience with handling previous narcotics cases."[5]

Here, the officer testified that he had been a member of the narcotics investigation unit for five years, that he had received training in the visual identification of cocaine, and that he had personally worked over 200 cases where he had seized suspected cocaine, which subsequently tested positive for cocaine. In light of this testimony, the court was within its discretion to find that a sufficient foundation had been laid to allow the officer to state his opinion that the substance was cocaine.[6] Because this finding was supported by the hearing evidence, the fact that the court remarked at the hearing that it had taken "judicial notice" of the officer's experience is of no import.[7]

(b) Thurmond argues that, even if the officer's opinion was admissible, the evidence nevertheless was insufficient to show that the substance was cocaine. We disagree. In addition to the officer's opinion on the identity of the substance, the record contained other circumstantial evidence indicating that the substance was cocaine: Thurmond had arranged a cocaine transaction with the CI to occur at the time and place where he was arrested; he also had arranged to meet the driver of the car in which the substance was found to discuss a cocaine purchase; and he had helped the driver obtain

---

[3] 243 Ga. App. 570 (531 SE2d 743) (2000) (whole court).

[4] Id. at 572 (1) (citations omitted).

[5] Id.

[6] See *In the Interest of Q. M.*, 290 Ga. App. 607, 609 (2) (660 SE2d 3) (2008) (court did not abuse discretion in allowing officer to give opinion on identification of marijuana where officer testified to having sixteen years of experience in law enforcement and seven years experience testing suspected marijuana).

[7] See *In the Interest of J. A. L.*, 284 Ga. App. 220, 221 (1) (644 SE2d 162) (2007) (claim that court improperly took judicial notice of venue lacked merit where record showed that sufficient evidence was presented to support court's determination on issue).

cocaine on other occasions. The trial court did not manifestly abuse its discretion when it found by a preponderance of the evidence that the substance was cocaine.[8]

The absence of scientific test result evidence does not demand a different result in this case. Although in some cases where no test results were presented we have reversed drug possession convictions based on insufficient evidence. In those cases we held that the circumstantial evidence of the substance's identity did not exclude all other reasonable hypotheses save for the defendant's guilt.[9] In this case, the circumstantial evidence was not equivocal. Moreover, "[t]o warrant a *conviction* on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused."[10] The circumstantial evidence of the substance's identity in this case, however, was not offered to *convict* Thurmond of possession of cocaine. Rather, it was offered to show that Thurmond had violated a term of his probation and, as such, was subject to a different standard of proof.[11] Accordingly, those decisions in

---

[8] See *Dugger v. State*, 260 Ga. App. 843, 848 (3) (581 SE2d 655) (2003) (court did not err in finding by preponderance of the evidence that appellant was in possession of cocaine in violation of probation term, where appellant had described the substance as "dope" and where appellant's co-defendant, a potential buyer, and an arresting officer all testified that the substance was cocaine).

[9] See, e.g., *Chambers v. State*, 260 Ga. App. 48, 50-53 (1) (579 SE2d 71) (2003) (evidence was insufficient to support conviction for possession of marijuana; absent conclusive, scientific tests or other unequivocal testimony, and given the witnesses' equivocal testimony on the issue, the evidence failed to exclude the reasonable hypothesis that the substance was not marijuana); *Fuller v. State*, 256 Ga. App. 840, 844 (3) (570 SE2d 43) (2002) (officer's opinion that substance was marijuana did not exclude every other reasonable hypothesis save the defendant's guilt for possession of marijuana, where another expert testified that he could not conclusively identify the substance and no other drugs or paraphernalia were discovered on defendant or in defendant's vehicle); *Phillips v. State*, 133 Ga. App. 392, 393 (210 SE2d 858) (1974) (evidence that plants in defendant's possession were marijuana — which included officer's "inexpert opinion" that plants were marijuana and expert's testimony that marijuana plants resembled other, legal plants — was insufficient to support defendant's conviction because it failed to exclude every other reasonable hypothesis save that of guilt). But see, e.g., *Dulcio v. State*, 297 Ga. App. 600, 601-602 (1) (677 SE2d 758) (2009) (officer's opinion testimony that substance was marijuana, along with defendant's references to substance as marijuana, was sufficient for jury to find defendant guilty of possessing marijuana); *Jones v. State*, 268 Ga. App. 246, 249 (1) (601 SE2d 763) (2004) (officers' opinions that substance was marijuana, combined with circumstantial evidence that defendant acted as if substance was marijuana, treated it as marijuana, or referred to it as marijuana, supported jury verdict that defendant possessed marijuana, even absent "conclusive scientific testing"); *Bilow v. State*, 262 Ga. App. 850, 851 (1) (586 SE2d 675) (2003) (after excluding crime lab reports identifying methamphetamine as nonprobative hearsay, there was still sufficient evidence upon which to convict defendant for possession of that drug based upon officers' detailed testimony identifying substance).

[10] OCGA § 24-4-6 (emphasis supplied).

[11] See *Dugger*, supra (in a probation revocation proceeding it is not necessary that the evidence support the findings beyond a reasonable doubt); see also *Carlson v. State*, 280 Ga. App. 595, 599 (2) (634 SE2d 410) (2006) (applying this different standard of proof to probation

which we held that an officer's opinion testimony and other circumstantial evidence indicating a substance to be contraband were insufficient to support a conviction for possessing the substance, because the evidence failed to exclude other reasonable hypotheses, are inapposite.

2. Thurmond contends that the evidence was insufficient to show that he possessed the substance. A person may be found to have had constructive possession of contraband if it is shown that he had "both the power and the intention at a given time to exercise dominion or control over [it]."[12] "[A] finding of constructive possession must be based upon some connection between the defendant and the contraband other than mere spatial proximity."[13]

Here, evidence other than Thurmond's spatial proximity to the cocaine allowed a finding that he had constructive possession over it. The driver of the car in which the cocaine was found denied that the cocaine was hers. She stated that it was thrown to the floorboard under her feet by Thurmond. Moreover, she stated that she met Thurmond to discuss the purchase of an "8-ball" of cocaine, which the officer testified was consistent with the packaging of the cocaine found in the car. Although Thurmond challenges the driver's credibility, "[i]ssues of credibility are for the trier of fact, not this Court."[14] The trial court did not manifestly abuse its discretion in determining by a preponderance of the evidence that Thurmond had constructive possession of the cocaine.[15]

*Judgment affirmed. Miller, C. J., and Johnson, J., concur.*

DECIDED JUNE 25, 2010.

*Arianne E. Mathé*, for appellant.
*Lee Darragh, District Attorney, Alison W. Toller, Assistant District Attorney*, for appellee.

---

revocation based on circumstantial evidence).

[12] *Lockwood v. State*, 257 Ga. 796, 797 (364 SE2d 574) (1988) (citation and punctuation omitted).

[13] *O'Neill v. State*, 285 Ga. 125, 128 (674 SE2d 302) (2009) (citation omitted).

[14] *Dugger*, supra at 846 (2) (punctuation and footnote omitted).

[15] See generally id. (requiring less evidence of constructive possession of contraband for probation revocation than for conviction).