### 10326.  PAGE *v.* THE STATE.

BLOODWORTH, J. 1. Where an indictment against two persons charges that the said persons, naming them, did "then and there unlawfully and with force and arms have, possess, and control certain alcoholic, spirituous, malt, and intoxicating liquors," either one or both of them may be convicted, according as the evidence may show either one or both guilty. Having and possessing intoxicating liquor is not a joint offense, like riot, and the indictment in this case is "joint and several."

2. When read in the light of the entire charge of the court there is no material error in the excerpts of which complaint is made in the motion for a new trial.

3. Even if it was error to allow a witness to swear, "We had a search warrant to search Gene Page's house for liquor," the admission of this evidence could hardly have affected the jury and caused them to find a verdict of guilty, if without this evidence they would not have done so. Moreover, evidence obtained by an illegal and unauthorized search is admissible against the defendant. *Calhoun* v. *State,* 144 *Ga.* 679 (87 S. E. 893). In addition, this ground of the motion states that when this testimony was objected to there was "no ruling by the court." A failure to renew and insist upon the motion to reject the evidence will be considered as a waiver of the objection. *Lindsay* v. *State,* 138 *Ga.* 818 (7), 823 (76 S. E. 369), and cases cited; *Thurman* v. *State,* 14 *Ga. App.* 543 (2) (81 S. E. 396), and cases cited.

4. While the evidence in this case is rather weak, this court cannot say as a matter of law that the verdict is without evidence to support it.

The verdict having been approved by the trial judge, under the repeated and uniform rulings of this court and of the Supreme Court a reviewing court is powerless to interfere. When the verdict is apparently decidedly against the weight of evidence, the trial judge has a wide discretion as to granting or refusing a new trial; but whenever there is any evidence, however slight, to support a verdict which has been approved by the trial judge, this court is absolutely without authority to control the judgment of the trial court. *Bradham* v. *State*, 21 *Ga. App.* 510 (94 S. E. 618), and cit.

> *Judgment affirmed. Broyles, P. J., and Stephens, J., concur.*
> DECIDED APRIL 12, 1919.

Indictment for misdemeanor; from Rabun superior court—Judge J. B. Jones. December 28, 1918.

*W. S. Paris, Thad. L. Bynum,* for plaintiff in error.

*Joseph G. Collins, solicitor-general, Robert McMillan,* contra.