## 31667. JOHNSON v. WOODWARD LUMBER COMPANY.

DECIDED NOVEMBER 22, 1947.

*Pierce Brothers,* for plaintiff.

*William P. Congdon, J. Walker Harper,* for defendant.

MACINTYRE, P. J. ■ The defendant contends that none of the witnesses for the plaintiff testified from their own knowledge that the defendant cut timber located on the land of the plaintiff.

I. H. Zimmerman, witness for the plaintiff, testified: "I was just leading up to how I got in touch with Mr. Johnson. I came back to Augusta and I called up the party that Mr. Johnson was selling lumber to and told him to get hold of Mr. Johnson; that we wanted to see him right away; that it looked like he had cut some of our timber. Well, I think it took me, I would say, about three to four weeks to get hold of him, because I called the company, I think, on either three or four occasions, and finally Mr. Johnson came to our office, and I told him it was quite evident he had cut over the line and cut our timber, and, of course, he said he hadn't, so I asked him to meet me out there.

. . From the lines as shown on this particular plat in front of me, which is a recorded plat, from knowing where those lines are on the ground, I would say the timber has been cut from the Woodward Lumber Company property. We wouldn't have this suit if he hadn't cut our timber."

The testimony of Zimmerman does not affirmatively disclose that he was testifying from hearsay, and this court cannot say, as a matter of law, that he was not testifying from personal knowledge. "Where a witness testifies to a fact, the presumption is, in the absence of anything to the contrary, that he is testifying from his own knowledge." *Shaw* v. *Jones, Newton & Co.*, 133 *Ga.* 446 (66 S. E. 240) ; *Reaves* v. *Columbus Electric & Power Co.*, 32 *Ga. App.* 140, 150 (122 S. E. 824). "Where a witness testifies to a conclusion of fact which could be within his knowledge and such testimony is admitted without objection, it cannot be attacked on review as being incompetent or insufficient." *Turner* v. *Hardy*, 198 *Ga.* 626, 642 (32 S. E. 2d, 483).

"A jury in arriving at a conclusion upon disputed issues of fact may believe a part of the testimony of a witness or witnesses, and reject another part thereof, it being their duty to ascertain the truth of the case from the opinion they entertain of all the evidence submitted for their consideration." *Sappington* v. *Bell*, 115 *Ga.* 856 (42 S. E. 233) ; *Reaves* v. *Columbus Electric & Power Co.*, supra. One of the main issues presented in the instant case is the proper location of a boundary line. The evidence is voluminous and conflicting, but taking that view of the evidence most favorable to upholding the verdict, the jury were authorized to find that the defendant cut and removed timber from the land of the plaintiff. We are of the opinion that the evidence authorized the verdict.

■ In the only special ground of his motion for new trial, the defendant assigns as error the admission of certain testimony of a coterminous landowner, L. H. Waller, who testified as to the location of the boundary line between his property and that of the plaintiff and the defendant. The defendant contends that the evidence referred to a line not in controversy, and did not illustrate any issues in the case. He insists that the testimony was harmful and prejudicial and influenced the jury in rendering their verdict.

Waller testified in part as follows: "I own a tract of land on little Spirit Creek, approximately 450 acres. I have had this property surveyed, and the survey run all the lines of my property. The surveyor I had was Mr. Wise. On the plat you show me of a tract of land, that is my property to the east of this mark of the Woodward Lumber Company, on the plat made by Mr. J. T. Wise March 1945. I have put a fence on my line. Indicating on this plat, my fence begins at the starting point of Woodward Lumber Company's line, beyond this corner marked E, below that corner some few feet, then I run it on past this stone corner over here. Mr. Johnson's wire met me and the Judy Walker place. The fence comes from below this point up and beyond that point. In other words, my fence is between me and Mr. Johnson, along the entire adjoining line between me and Mr. Johnson. No one has ever objected to me running this fence along the line between my property and Mr. Johnson's property and beyond this corner of Woodward Lumber Company a few feet. . ."

The testimony of Waller was introduced by the plaintiff for the purpose of properly locating one of the boundaries of the tract of land in question. Since the plaintiff must show title or possession, we think the testimony was admissible.

The trial court did not err in refusing a new trial.

*Judgment affirmed. Gardner and Townsend, JJ., concur.*