### 37901. FLOYD v. THE STATE.

CARLISLE, Judge. 1. Unless it affirmatively appears that evidence is hearsay, and where it is of such a nature that it is possible for the witness who testifies thereto to personally know thereof, it ought not to be excluded. *Atlanta Glass Co.* v. *Noizet,* 88 *Ga.* 43, 46 (2) (13 S. E. 833); *Flint River &c. R. Co.* v. *Maples,* 10 *Ga. App.* 573, 574 (2) (73 S. E. 957). Where a witness testifies to a fact there is a presumption, in the absence of anything to the contrary, that he is testifying from his own knowledge. *Johnson* v. *Woodward Lumber Co.,* 76 *Ga. App.* 152 (1) (45 S. E. 2d 294). Applying these rules to the testimony by one of two police officers, who conducted a raid and search of defendant's premises, that the other officer who participated with him in the raid found certain lottery tickets and ribbons in the apartment where the defendant lived, the admission of such testimony was not, at the time, prima facie erroneous. Accordingly, where this wit-

454

ness on direct examination did not testify to facts showing that this evidence was not based on his own personal knowledge, but where on cross-examination the witness testified that the other officer found a sack of lottery ribbons but that he did not see him get the sack; that he already had the sack, and that he did not know where the other officer got it, assuming that this latter testimony tended to show that the previous testimony of the witness, above referred to, was hearsay, the petition for certiorari did not show error in the admission of the testimony objected to, or in the refusal to rule it out, where the ground assigning error in its admission failed to show that counsel for the defendant renewed his objection to the evidence or that a motion was made to rule it out after the latter testimony was introduced. The failure of counsel to renew and insist upon the objection will be considered as a waiver of it. *Page* v. *State*, 23 *Ga. App.* 548 (3) (99 S. E. 55).

2. Where a witness testified as to his knowledge of the manner and method of operating a lottery known as the numbers game, his further statement that from his knowledge there was a lottery known as the numbers game in operation in Fulton County, Georgia, on the date in question was not inadmissible as being a conclusion on his part. *Mills* v. *State*, 71 *Ga. App.* 353, 356 (2) (30 S. E. 2d 824). Under the foregoing authority, neither was it error for the trial court to permit another witness to testify as to the manner and method of operation of the lottery known as the numbers game, and then to testify that the winning number was taken from the hundred thousands and ten thousands digits of the total daily bond sales and the ten thousands digits of the total daily stock sales on the New York Stock Exchange as reported in the daily newspaper over the objection that the paper would be the highest and best evidence of that fact. Under these same circumstances, it was not error to permit a witness to testify that certain papers introduced as State's exhibits were "lottery ribbons" over the objection that such designation was a conclusion. Accordingly, assignments of error in paragraphs 7 and 8 and the second paragraph numbered 12 of the petition for certiorari were not meritorious.

3. The ninth paragraph of the petition for certiorari seeks to assign error on the admission of testimony as to a transaction between the two arresting officers, the objection being that the transaction took place outside the presence of the defendant.

The petition shows that after counsel for the defendant made his objection, the court stated that he would permit the solicitor to question the witness with respect to whether or not the defendant was present at the time of the alleged transaction. Paragraph 10 assigns error on that statement on the ground that it amounted to the court's expressing an opinion to the jury as to what had been or had not been proved in the case. Paragraph 11 assigns error because the court permitted the State's witness thereafter to testify that at the time the transaction took place between him and the other detective the defendant was present. This latter paragraph fails to show what objection, if any, was made at the time this evidence was introduced. When considered together, none of these assignments of error are meritorious.

4. In the petition for certiorari transmitted to this court there are two paragraphs numbered 12. In the first of these, error is assigned because the court denied a motion for mistrial on the ground that the witness Carter had testified that the defendant was present at the time of the transaction between him and Detective Little in response to the suggestion by the court and that the utterance by the court in the presence of the jury was tantamount to an expression of an opinion by the court that the defendant was present when the transaction took place. This ground is without merit. Counsel for the defendant invoked the ruling of the court in his prior objections to the witness Carter's testimony with regard to this transaction, and the court's ruling was in direct response to the objection made by counsel. No motion was made that the jury be withdrawn or that the witness be sequestered before argument and ruling was had on the motion, and counsel cannot complain that the court, in sustaining his objection, necessarily used language which suggested the question which the solicitor should put to the witness and the answer which the witness should give.

5. Paragraph 13 of the petition for certiorari assigns error on the overruling of two objections to testimony of a named witness in regard to a statement made by the defendant to the arresting officers. It does not appear from the petition what the statement was. Paragraph 14 assigns error on the overruling of an objection to the introduction of State's exhibit No. 4. It does not appear from the petition of what State's exhibit No.

4 consisted, and for these reasons both of these grounds are too incomplete to present any question for decision.

6. Paragraph 16 assigns error because the trial court made a statement in ruling on a motion that he recollected that a certain witness had testified to a certain fact. It is impossible to tell from this ground what the motion was that the court had under consideration. However, assuming that the motion was that the court rule out certain evidence, this statement was not error. *Hatcher* v. *State*, 8 *Ga. App.* 673 (2) (70 S. E. 43).

7. Paragraph 15 of the petition complains of the refusal of the court to direct a verdict, and paragraph 19 makes the contention that the conviction and judgment was contrary to law, the principles of equity and justice, and contrary to the evidence. There was ample evidence to authorize the conviction. The evidence showed that the police officers went to the apartment occupied by the defendant at a time when she was at home; that she took some eight or ten minutes to admit them, one of the officers finally having to go around to the back door to get in; that the defendant was seen coming from the bathroom when the officers entered, and that she obviously had just gotten out of the bed wherein and whereon were found certain lottery tickets and ribbons as described by the officers in their testimony; and, that while the officers were in the process of searching the defendant's apartment at least two other persons came to the apartment with original lottery tickets in their possession. This evidence authorized the conviction of the defendant on the charge of maintaining and operating a lottery known as the numbers game. It was not error to refuse to direct a verdict. *Clackum* v. *State*, 55 *Ga. App.* 44, 51 (12) (189 S. E. 397), and cits.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED SEPTEMBER 30, 1959—
REHEARING DENIED OCTOBER 20, 1959.

*James R. Venable,* for plaintiff in error.

*Paul Webb, Solicitor-General, John I. Kelley, Solicitor, Hinson McAuliffe, Eugene L. Tiller,* contra.