## 42421.   PATTERSON v. BAILEY.

SUBMITTED NOVEMBER 9, 1966—DECIDED NOVEMBER 21, 1966.

*Lawson E. Thompson*, for appellant.

*Walton Hardin*, for appellee.

EBERHARDT, Judge.   The gist of appellant's claim of error is his contention that the description of the land in the petition, tied to no fixed point, is insufficient to support a recovery of the land.   It is asserted that the description is defective as to the beginning point, alleged to be "at a stake at the northern right of way line of the Washington-Metasville Road."

If this were a suit involving title to the land rather than for a determination of the common dividing line between adjacent owners, this contention would be meritorious. *Callaway v. Armour,* 208 Ga. 136 (1) (65 SE2d 585). But there is no dispute on the part of either of the parties as to the title of the other to his tract; and since they simply disagree as to where their dividing line is located, recovery of land is not involved and the principle does not apply. *Lively v. Thompson,* 88 Ga. App. 31 (1) (75 SE2d 846).

Applying the rules in cases of disputed lines (*Code* § 85-1601) and applicable decisions of the Supreme Court and of this court, we conclude that the evidence authorized the verdict.

It appears that the line between the tracts of these parties has been in dispute for many years. It has been surveyed several times and plats were made. In 1964 the parties agreed to engage Mr. William B. Ficklen, a registered surveyor, to survey the premises, locate the line and make a plat, the cost to be divided between them. Ficklen testified that he made the survey, locating an iron pin that marked a common corner between them and the lands of Garrard on the north which had been accepted by all parties (*Johnson v. Woodward Lmbr. Co.,* 76 Ga. App. 152 (2) (45 SE2d 294)), and that Mr. Bailey and Mr. Patterson agreed that from that point the line should be run as a straight line to the north side of the Washington-Metasville Road. With the help of information secured from the deeds of the parties, prior plats (one of which he had made himself back in 1943), and such evidences as he could find on the ground indicating the existence of a line, he ran it in a straight line from the north corner, as the parties had agreed should be done. Each party claimed to have 75 acres in his tract, and in completing the survey of the Patterson tract Ficklen found it to contain 75 acres, exclusive of the 2.2 acres which Patterson now claims. A survey of the Bailey tract was not completed, but Mr. Bailey asserted that there were 75 acres "more or less" in his tract, inclusive of the 2.2 acres claimed in this suit which Mr. Patterson had annexed by moving his fence beyond the line surveyed by Mr. Ficklen. The Ficklen plat was identified and admitted in evidence, as was another

which he had made depicting the area involved by the moving of the fence by Mr. Patterson, and the deeds under which each party held his land.

The lands on either side of the line, according to Mr. Ficklen, were pasture lands—uncultivated. He found no marked trees along the line, though there was evidence that there was at least one tree some 500 to 600 feet back from the road carrying old hack marks on it.

Evidence from the witnesses of the parties was conflicting as to whether the line surveyed by Mr. Ficklen was the true one, but a resolution of the matter was made by the jury, and, since the issue was one of fact, which the evidence authorized the jury to resolve, we do not disturb it.

There was no error in the overruling of the motion for judgment notwithstanding the verdict or of the motion for new trial.

*Judgment affirmed. Bell, P. J., and Jordan, J., concur.*