## A92A1793. RAY v. THE STATE.
(424 SE2d 13)

McMURRAY, Presiding Judge.

Defendant was convicted of possession of marijuana and he appeals. In his sole enumeration of error, defendant contends the trial court erred in failing to grant his motion for a directed verdict of acquittal because the State failed to prove beyond a reasonable doubt that the substance in defendant's possession was marijuana.

At trial, the arresting officer testified, without objection, as follows: On the night of September 23, 1991, he stopped a speeding automobile and arrested the driver for driving under the influence of alcohol. Defendant was a passenger in the automobile. After placing the driver in the back of his squad car, the officer approached defendant to see if he was able to drive the automobile on behalf of the driver. He opened the passenger door and observed that defendant was clutching a plastic bag containing a "reasonable amount of green leafy material" that he believed to be marijuana. When the officer asked defendant what he had in his hand, defendant dropped the bag on the floor and said "I don't have anything. It doesn't belong to me." The officer retrieved the bag and examined its contents, "which it did confirm to me to be marijuana."

The State called a crime scene technician to the stand. She was trained and certified by the State of Georgia with regard to the testing and identification of marijuana. Following her training, the technician performed approximately 50 tests on suspected marijuana plants. The State did not tender the technician as an expert witness. Rather, she was offered as a crime scene technician who was trained and qualified to test marijuana. The technician testified that she conducted three tests on the marijuana that had been found in defendant's possession — a microscopic analysis, a Duquenois-Levine test and a fast blue salts test — and each test was positive for marijuana.

Defendant testified that the marijuana belonged to the driver of the automobile; that it was not his; and that he never took possession of it. He added that the driver placed the marijuana in a pipe and smoked it; that he was familiar with the odor of marijuana; and that he recognized the substance in question as being marijuana.

In *King v. State*, 190 Ga. App. 467 (379 SE2d 175), a detective testified that cocaine was found in defendant King's pants pocket. King did not object to the detective's testimony and he did not claim that the substance was anything other than cocaine. Nevertheless, on appeal, King asserted that the evidence was insufficient to prove that

he was in possession of cocaine because there was no expert testimony identifying the drug and no crime laboratory report. This Court ruled that the evidence was sufficient to support King's cocaine conviction beyond a reasonable doubt. In so ruling, this Court pointed out that the identity of a substance need not be established by expert testimony; that the detective was simply relating facts that he observed; that King did not contest the detective's description of the substance; and that King did not assert that the substance was something other than cocaine. *King v. State*, 190 Ga. App. 467, 470, supra.

In the case sub judice, the arresting officer testified without objection that the substance in question was marijuana. The crime scene technician testified that she performed three tests on the substance and each test was positive for marijuana. Defendant testified that he was familiar with the odor of marijuana and he recognized the substance as being marijuana. At no point did defendant claim that the substance was something other than marijuana. Given these facts and the state of the record, we conclude that the evidence was sufficient to enable a rational trier of fact to find defendant guilty of possession of marijuana beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *King v. State*, 190 Ga. App. 467, 470, supra. The trial court did not err in failing to grant defendant's motion for a directed verdict of acquittal.

*Judgment affirmed. Sognier, C. J., and Cooper, J., concur.*

DECIDED SEPTEMBER 18, 1992 —
RECONSIDERATION DENIED OCTOBER 20, 1992.

*Stephen T. Maples*, for appellant.

*Gerald N. Blaney, Jr., Solicitor, David M. Fuller, Assistant Solicitor*, for appellee.