A03A1885. MANESS v. THE STATE.
(593 SE2d 698)

ADAMS, Judge.

Vicki Maness was tried and convicted on one count of possession of marijuana with intent to distribute and one count of manufacturing marijuana. On appeal she challenges the sufficiency of the evidence on the count of manufacturing and raises other alleged errors.

Construed in favor of the verdict, the evidence shows that

Maness sold marijuana to an undercover agent; she admitted doing so at trial. After having waived her *Miranda* rights, Maness told law enforcement agents that she had additional marijuana at her home, and she consented to a search. She directed the agents to her dresser drawer where they found packages of a substance that later tested positive for marijuana.

In a glass jar in the bedroom, agents found additional suspected marijuana that Maness indicated was "homegrown" but intended for her own personal consumption. They also found suspected marijuana leaves drying on the kitchen windowsill. And on the back porch of the home, agents found suspected marijuana plants in pots. The plants had been sitting in plain view just outside the kitchen for several days. Maness's adult son claimed that he put these plants in the pots and that his mother had no interest in them, but he had dug them up from the yard of the home to plant them in pots. At trial, an agent with 500 to 600 hours of narcotics training and experience in identifying marijuana testified that the plants recovered from the porch as well as the leaves drying in the kitchen were marijuana.

1. Under OCGA § 16-13-30 (b), it is unlawful for any person to manufacture any controlled substance. Cultivation or planting of marijuana is a violation. See *Hunt v. State*, 222 Ga. App. 66 (473 SE2d 157) (1996). Maness contends that there was insufficient evidence to support the charge of manufacturing marijuana because her son claimed full and exclusive ownership of the potted plants found on the porch and because the plants were not scientifically tested to show that they were marijuana.

Maness admitted selling marijuana, had additional marijuana in her home, and indicated that some of it was homegrown. She also testified that she regularly grew and dried herbs in her garden, that she tended and looked after her garden, and that she knew what marijuana plants look like before they have been dried for use. Even though Maness's son claimed that the potted marijuana was his, he testified that he found ten to fifteen small plants growing in the ground near the back porch, in an area in plain view, of which he was only able to successfully transplant two plants. And Maness testified that she was the sole lessee of the home and that she used all areas of the residence, including the porch and garden where she grew and dried herbs to sell. Although her son claimed to be solely responsible for growing the marijuana, "[c]onflicts in the testimony of the witnesses . . . are a matter of credibility for the jury to resolve. So long as there is some competent evidence, even though contradicted, to support each element of the State's case, the jury's verdict will be upheld." (Citation omitted.) *Ringo v. State*, 236 Ga. App. 38, 39 (510 SE2d 893) (1999). See also *Zackery v. State*, 262 Ga. App. 646, 651 (3) (586 SE2d 346) (2003) (evidence of possession sufficient despite testi-

mony by co-defendant that drugs belonged to her and that defendant had no knowledge of contraband). A rational juror could conclude beyond a reasonable doubt that Maness was growing the marijuana that her son found growing in the ground near the back porch. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

With regard to the fact that the plants were not scientifically tested to show that they were marijuana, Maness failed to object at trial to identification of the plants as marijuana. Therefore, any claimed error in this regard is waived. *McGee v. State*, 205 Ga. App. 722, 729 (12) (423 SE2d 666) (1992) ("At trial appellant timely objected to the admission of the tape only on the grounds [of the victim's age]. Accordingly, all other objections, including but not limited to . . . lack of adequate foundation, . . . were waived."); *Burroughs v. State*, 190 Ga. App. 467, 470 (1) (b) (379 SE2d 175) (1989). The case of *Chambers v. State*, 260 Ga. App. 48 (579 SE2d 71) (2003), is distinguishable in this regard.

2. Maness's assertion that the court improperly charged on the law of actual, constructive, and joint possession because the charges were not adjusted to the facts is without merit. Maness's defense that someone else possessed the marijuana that was found in and around her home raised these issues.

3. Maness's claim that the court erred by charging OCGA § 16-2-20, on parties to a crime, in its entirety is without merit. "When this entire Code section is charged even though a portion may be inapplicable under the facts in evidence, it is usually not cause for a new trial. [Cit.]" *Berry v. State*, 267 Ga. 476, 481 (4) (g) (480 SE2d 32) (1997). Furthermore, Maness's argument that she could not be considered to have aided and abetted in the manufacture of marijuana is based on a failure to recognize that the facts reasonably show that Maness was the one who grew the marijuana in the first place. We find no merit to this enumeration of error.

4. "Following the jury's verdict, the trial court sentenced [Maness] to a prison term followed by probation. [Maness] contends the trial court erred in imposing a waiver of [her] Fourth Amendment rights as a condition of [her] probation. [Maness] is correct that a Fourth Amendment waiver should not have been imposed absent a negotiated plea or a valid waiver of such a right. However, any error that might have taken place at sentencing is harmless. In the present case, no warrantless search has taken place in assertion of [Maness's] Fourth Amendment waiver, and we will not presume that any search that may take place in the future under the authority of a probation officer will be unreasonable, even if it is warrantless. Because the trial court's conditions of probation are not unlawful per se, the trial court need not modify them." (Footnotes omitted.) *Mill-*

*sap v. State*, 261 Ga. App. 427, 429 (3) (582 SE2d 568) (2003). See also *Harrell v. State*, 253 Ga. App. 440, 441-442 (2) (559 SE2d 155) (2002). *Judgment affirmed. Andrews, P. J., and Barnes, J., concur.*

DECIDED JANUARY 20, 2004.

*Leo E. Benton, Jr.*, for appellant.
*Jason J. Deal, District Attorney, Alison W. Toller, Assistant District Attorney*, for appellee.