## A08A2137. WILLINGHAM v. THE STATE.

(673 SE2d 606)

BERNES, Judge.

The jury found George Willingham guilty of possession of marijuana, and the trial court denied his motion for new trial. On appeal, Willingham contends that there was insufficient evidence that the substance at issue was marijuana. We disagree and affirm.

> On appeal from a criminal conviction, this court views the evidence in the light most favorable to the verdict, and the defendant no longer enjoys a presumption of innocence. This court neither weighs the evidence nor judges the credibility of witnesses, but only determines whether the evidence presented at trial was sufficient for a rational trier of fact to find the defendant guilty of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

(Citation omitted.) *Johnson v. State*, 289 Ga. App. 206 (656 SE2d 861) (2008).

So viewed, the evidence showed that Jabari Gibbs and Marquiese Pierce were best friends who had sold drugs together for many years. On February 9, 2006, Gibbs was driving Pierce around in a rental car while Pierce negotiated the acquisition and sale of ten pounds of marijuana. Gibbs then drove Pierce to a pickup location in the City of Atlanta where they acquired the drugs. The marijuana was packaged "pound for pound," in ten separate one-pound packages, and was distributed to Gibbs and Pierce in two garbage bags weighing five pounds each.

After acquiring the marijuana, Gibbs drove Pierce to a restaurant located in Fulton County, where they planned to sell the drugs to an individual known as "Black." Gibbs drove into a parking space in the back of the restaurant, and appellant drove up and parked to the right of Gibbs. Gibbs recognized appellant because he had sold drugs to him on many prior occasions. In the vehicle with appellant were Black and another unidentified occupant. Black exited appellant's vehicle and got into the rental car with Gibbs and Pierce, after which Black and Pierce finalized the terms of the drug sale. As part of their negotiations, Pierce allowed Black to take one pound of the marijuana as a sample for appellant and the other occupant to see. Gibbs then exited the rental car and went inside the restaurant to get some food.

After Gibbs entered the restaurant, a person ran inside yelling that someone had been shot. Gibbs looked outside and saw appellant, Black, and the third unidentified occupant from appellant's vehicle

grabbing the bags of marijuana out of the rental car. The three then ran from the rental car to appellant's vehicle. Gibbs saw that appellant was carrying bags of the marijuana. Appellant, Black, and the third occupant then drove away. Gibbs ran outside to the rental car and saw that Pierce had been fatally shot. Two of the bags of marijuana remained in the rental car.

Appellant was arrested, indicted, and tried for multiple offenses relating to the shooting and drug deal. At trial, appellant did not challenge Gibbs's contention that the substance in the bags was marijuana or that a drug deal had been transpiring at the time of the shooting; instead, he raised an alibi defense and attacked Gibbs's credibility given his history as a drug dealer and his participation in the drug deal in question. After hearing the evidence, the jury acquitted appellant of all the offenses except possession of marijuana. This appeal followed the denial of appellant's motion for new trial.

Appellant now contends that there was no competent evidence that the substance in the bags was marijuana because there was no expert testimony identifying the substance as marijuana, no crime lab report, and no contraband introduced into evidence by the state. According to appellant, the sole evidence that the substance was marijuana came from the testimony of Gibbs, which appellant claims was hearsay. In this respect, appellant asserts that Gibbs never actually saw the marijuana but instead relied on statements made to him by Pierce concerning what was in the bags. We are unpersuaded.

Although it is the better practice to do so, the state is not required in drug possession cases to present expert testimony scientifically identifying the substance or to introduce the drugs into evidence. See *Chancey v. State*, 256 Ga. 415, 421 (1) (c) (349 SE2d 717) (1986); *Burroughs v. State*, 190 Ga. App. 467, 470 (1) (b) (379 SE2d 175) (1989). And, contrary to appellant's contention, there was competent testimony from Gibbs that the substance in the bags was marijuana.

On direct examination, Gibbs, an admitted drug dealer, testified without objection that he along with Pierce picked up ten, one-pound bags of marijuana for sale on the day of the incident, and that he subsequently saw appellant grabbing and running off with some of the bags. "Where a witness testifies to a conclusion of fact which could be within his knowledge and such testimony is admitted without objection, it cannot be attacked on review as being incompetent or insufficient." (Citation omitted.) *Johnson v. Woodward Lumber Co.*, 76 Ga. App. 152, 153 (1) (45 SE2d 294) (1947). See *Maness v. State*, 265 Ga. App. 239, 241 (1) (593 SE2d 698) (2004) (defendant waived claim that testimony identifying substance as marijuana was without proper foundation when he failed to object to

the identification testimony at trial); *Burroughs*, 190 Ga. App. at 470 (1) (b) (testimony admitted without objection that one pound of cocaine was found in the defendant's pocket "was not shown to be hearsay because on its face the statement derive[d] its value from the credit of the testifying [witness]"); *Floyd v. State*, 100 Ga. App. 453 (1) (112 SE2d 171) (1959) ("Unless it affirmatively appears that evidence is hearsay, and where it is of such a nature that it is possible for the witness who testifies thereto to personally know thereof, it ought not to be excluded."). Here, it does not affirmatively appear that Gibbs's testimony described above was based on hearsay rather than personal knowledge, and during the trial appellant did not contest Gibbs's description of the substance or claim that the substance was something other than marijuana. Indeed, throughout the trial and during closing argument, appellant's counsel repeatedly referred to the substance as marijuana, and merely relied upon the defense that Gibbs lacked credibility as a drug dealer and that appellant was not involved at all in the drug transaction or shooting because he was caring for a sick relative at the time.

Under these combined circumstances, Gibbs's testimony was sufficient to allow a rational trier of fact to find beyond a reasonable doubt that the substance possessed by appellant was marijuana.[1] See *Ray v. State*, 205 Ga. App. 866, 866-867 (424 SE2d 13) (1992); *Burroughs*, 190 Ga. App. at 470 (1) (b). See also *Gooch v. State*, 249 Ga. App. 643, 645 (1) (549 SE2d 724) (2001) (witnesses who were involved in the drug transaction and had used methamphetamine on multiple prior occasions were permitted to offer testimony concerning the identity of the substance as methamphetamine). Accordingly, the trial court did not err in denying appellant's motion for new trial on the ground of insufficient evidence.

*Judgment affirmed. Andrews, P. J., and Doyle, J., concur.*

DECIDED FEBRUARY 13, 2009.

*Kenneth D. Kondritzer*, for appellant.

---

[1] The present case is distinguishable from cases such as *Chambers v. State*, 260 Ga. App. 48, 50-52 (1) (579 SE2d 71) (2003), where the defendant objected to the critical identification testimony at trial. See *Maness*, 265 Ga. App. at 241 (1) (distinguishing *Chambers* on that basis). The case is likewise distinguishable from cases where the evidence showed that in the absence of conclusive scientific tests, the possibility remained that the substance at issue was not the alleged contraband, in light of the equivocal testimony of the state's witnesses. See *Fuller v. State*, 256 Ga. App. 840, 843-844 (3) (570 SE2d 43) (2002); *Adkinson v. State*, 236 Ga. App. 270, 271 (1) (a) (511 SE2d 527) (1999); *Phillips v. State*, 133 Ga. App. 392 (210 SE2d 858) (1974). Here, Gibbs never equivocated in his testimony that the bags contained marijuana, and no other testimony or evidence presented by the state contradicted Gibbs's statements in this regard.

YALE LAW LIBRARY

*Paul L. Howard, Jr., District Attorney, Stephany J. Luttrell, Assistant District Attorney*, for appellee.