A09A0494. BURG v. THE STATE.

(679 SE2d 780)

BARNES, Judge.

Following a jury trial, James Anthony Burg was found guilty of possession of methamphetamine, and sentenced to ten years probation with a minimum of 180 and a maximum of 240 days to be spent

---

in a probation detention center.[1] Following the denial of his motion for new trial, he appeals, contending that the evidence was insufficient to sustain his conviction. Upon review, we affirm.

> On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt.

(Citations omitted) *Martinez v. State*, 278 Ga. App. 500 (629 SE2d 485) (2006).

So viewed, the evidence shows that an officer assigned to the Walton County Narcotics Task Force was investigating a house based upon information that an informant they were attempting to find might be located there. Officers also ran the tag of a vehicle parked at the house, and discovered that its owner had an outstanding probation warrant. When the officer first arrived, the house was empty, but he posted lookouts, and within "a little while" a truck arrived with several passengers. The occupants entered the house, and police approached shortly thereafter.

As the investigating officer approached the house, he saw a man through an open window sitting at a desk "holding a methamphetamine pipe smoking it." The officers went to the open back door, knocked, and announced "sheriff's office, police." No one responded, so the officers went into the house, and the investigating officer found the man in the room at the desk where he spotted him through the window, still smoking the methamphetamine pipe. The officer identified the man as Burg. Police gathered everyone together, and obtained a search warrant for the residence. Police recovered from the desk mail with Burg's name on it, two digital scales, a smaller and larger clear baggy of methamphetamine, a cellophane wrapper containing a white powder, the pipe Burg was smoking, two baggies of cocaine, and other drug paraphernalia. Forensic testing confirmed that one of the baggies contained methamphetamine, but the smoking pipe was not tested. The powder in two other bags tested positive for cocaine. A witness testified that Burg was staying at the residence.

At trial, Burg testified that the materials were not on the desk, and that he had been sitting at the desk checking out the computer.

---

[1] Burg was found not guilty of possession of cocaine.

He also testified that he did not live at the address in question, that the mail was probably among items from a box of software that he had with him to work on the computer, and that he was smoking a cigarette.

Burg contends insufficient evidence supports his conviction for possession of methamphetamine because the jury obviously based its conviction on the officer's testimony that he saw Burg smoking methamphetamine rather than his proximity to the bagged drugs. He asserts this conclusion based on the fact that the jury acquitted him of possession of cocaine yet the tested bags of methamphetamine and cocaine were both located atop the desk at which he was sitting. Thus, he maintains, as the pipe was not tested for the presence of methamphetamine, the evidence was insufficient to sustain his conviction. We do not agree.

In *Chancey v. State*, 256 Ga. 415, 421-422 (1) (A) (c) (349 SE2d 717) (1986), it was held that although the concept of "corpus delicti requires that in a drug-possession case there be proof by the state that the defendant possessed (or perhaps attempted to possess) the illegal drug . . . there is no invariable requirements that in every such case, the drug itself be produced." There, the sole evidence establishing the identity of a substance was provided by witnesses who testified that they "had seen appellant Chancey use a white, powdery substance in a manner in which cocaine is used, and there was testimony as to his change in behavior after such use." Id. at 422 (1) (A) (c).

Here, the investigating officer testified that he twice observed Burg smoke methamphetamine, identified the pipe Burg used, and explained, from his narcotics training, how the pipe is used to smoke the methamphetamine. There was also methamphetamine recovered from the desk where Burg was sitting. While Burg complains that the pipe was not tested for the presence of methamphetamine, as noted above, in drug possession cases the State is not required to present expert testimony scientifically identifying the substance or to introduce the drugs into evidence. See also *Slade v. State*, 222 Ga. App. 407, 408 (1) (474 SE2d 204) (1996) ("the State is not required to introduce the illegal drug itself into evidence") (citation omitted). In *Atkinson v. State*, 243 Ga. App. 570 (531 SE2d 743) (2000), regarding the identity of marijuana, we determined that other circumstances surrounding the arrest — the presence of drug paraphernalia, such as hemostats, pipes, rolling papers, partially smoked cigarettes, crack pipes, and other cocaine paraphernalia — supported the verdict. Id. at 573.

Moreover, where, as was the case here, "a witness testifies to a conclusion of fact which could be within his knowledge and such testimony is admitted without objection, it cannot be attacked on

review as being incompetent or insufficient." (Citation and punctuation omitted.) *Johnson v. Woodward Lumber Co.*, 76 Ga. App. 152, 153 (1) (45 SE2d 294) (1947). See also *Maness v. State*, 265 Ga. App. 239, 241 (1) (593 SE2d 698) (2004).

Thus, based on the evidence presented at trial, we conclude that a rational trier of fact could find from the evidence adduced at trial proof of Burg's guilt of the crime of possession of methamphetamine beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Miller, C. J., and Andrews, P. J., concur.*

DECIDED JUNE 3, 2009.

Virginia L. Garrard, Jennifer L. Lewis, for appellant.
W. Kendall Wynne, Jr., District Attorney, Candace K. Slezak, Assistant District Attorney, for appellee.