A11A0695. PRESCOTT v. THE STATE.
(710 SE2d 672)

MCFADDEN, Judge.

Richard Jerome Prescott appeals his child molestation conviction. He argues that no competent evidence showed that the victim was under the age of 16 and that the state failed to prove venue. We conclude that testimony proved the victim's age but that the state

failed to prove venue. Therefore, we reverse.

The indictment charged Prescott with aggravated child moles-tation for committing sodomy with the victim, who was under the age of 16. A jury found Prescott not guilty of aggravated child molestation but guilty of the lesser included offense of child moles-tation. The trial court sentenced Prescott to fifteen years, five years to serve and ten years probation. The court denied Prescott's motion for new trial, and he filed this appeal.

1. When reviewing a challenge to the sufficiency of the evidence used to support a conviction, we view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Viewed in this light, the evidence shows that the incident occurred during a basketball game at Screven County High School. Prescott, a student at the school, and the victim were in a stall in the boys' bathroom. Another student testified that he saw Prescott's penis in the victim's mouth.

Mary Robbins, a probation worker with the Georgia Department of Juvenile Justice, testified that she was familiar with the victim, that she spoke with the victim about the incident, and that the victim was 13 years old at the time of trial. The victim told Robbins that she went into the boys' bathroom to be alone with another boy, and her cousins forcibly removed her. The victim admitted to Robbins that Prescott's penis was in her mouth. The victim did not testify at trial.

Proof that the victim was under the age of 16 is an essential element of the crime of child molestation under OCGA § 16-6-4 (a). *Terrell v. State*, 245 Ga. App. 291, 292 (1) (536 SE2d 528) (2000). Prescott contends that the only evidence of the victim's age, Robbins's testimony, was inadmissible hearsay. "Where a witness testifies to a conclusion of fact which could be within his knowledge and such testimony is admitted without objection, it cannot be attacked on review as being incompetent or insufficient." *Willingham v. State*, 296 Ga. App. 89, 90 (673 SE2d 606) (2009). See also *Floyd v. State*, 100 Ga. App. 453 (1) (112 SE2d 171) (1959) ("Unless it affirmatively appears that evidence is hearsay, and where it is of such a nature that it is possible for the witness who testifies thereto to personally know thereof, it ought not to be excluded.").

Here, it does not affirmatively appear that Robbins's testimony was based on hearsay rather than personal knowledge, and during the trial Prescott did not contest the fact that the victim was under

the age of 16. Under these combined circumstances, Robbins's testimony was sufficient to allow a rational trier of fact to find beyond a reasonable doubt that the victim was under the age of 16. *Willingham*, supra.

2. Prescott also argues that the state failed to prove venue. The only testimony about the location of the incident was that it occurred at Screven County High School. No witness testified that Screven County High School is in Screven County.

The Georgia Constitution requires that "all criminal cases shall be tried in the county where the crime was committed." Ga. Const. of 1983, Art. VI, Sec. II, Par. VI. The Supreme Court has therefore held that "venue is a jurisdictional element of every crime that the [s]tate must prove beyond a reasonable doubt." (Citation and punctuation omitted.) *Thompson v. Brown*, 288 Ga. 855 (708 SE2d 270) (2011).

Because there was no evidence that Screven County High School is located in Screven County, the state did not establish the county in which the crime occurred, it failed to prove venue beyond a reasonable doubt, and the evidence is insufficient to support the conviction. *Jones v. State*, 272 Ga. 900, 901-902 (537 SE2d 80) (2000); *Robinson v. State*, 260 Ga. App. 186, 187 (581 SE2d 285) (2003).

> We understand that all the participants in [Prescott's] trial — the members of the jury, the judge, the prosecutor, defense counsel, and [Prescott] himself — may have known from their daily lives in and around [Screven] County that the [high school] lies in that county, making venue . . . seem obvious to them. Nevertheless, that fact is not established by the trial record, and defendants may not be convicted of crimes based on extra-judicial knowledge rather than evidence of such essential facts admitted at trial. We have noted before that, in light of the ease with which venue generally can be proved, it is difficult to understand why the appellate courts are repeatedly faced with the issue. [Cit.]

(Punctuation omitted.) *Thompson*, supra at 857. We observe that double jeopardy concerns do not bar the retrial of Prescott. *Jones*, supra.

*Judgment reversed. Phipps, P. J., and Andrews, J., concur.*

DECIDED MAY 6, 2011 — 

*Robert L. Persse, Stuart H. Patray, William D. Hoffer*, for appellant.

*Richard A. Mallard, District Attorney, Keith A. McIntyre, Assistant District Attorney*, for appellee.