## A11A2256. SANTIAGO v. THE STATE.
(724 SE2d 793)

MCFADDEN, Judge.

Victor Juan Santiago was convicted of an armed robbery at a fast food restaurant and of aggravated assault upon a restaurant employee working in the drive-through window. He argues that the evidence was insufficient to support the aggravated assault conviction and that he received ineffective assistance of counsel. Because the state presented no competent evidence that the victim was placed in reasonable apprehension of immediately receiving a violent injury, the evidence was insufficient to support the aggravated assault conviction, and we reverse the judgment on that conviction. Because Santiago has not shown that he was prejudiced by any alleged deficiencies of trial counsel, however, we affirm the judgment on the armed robbery conviction.

1. "On appeal from a criminal conviction, a defendant no longer enjoys the presumption of innocence, and the evidence is viewed in the light most favorable to the guilty verdict." (Citation and punctuation omitted.) *Goss v. State*, 305 Ga. App. 497 (699 SE2d 819) (2010).

> We neither weigh the evidence nor assess the credibility of witnesses, but merely ascertain [whether] the evidence is sufficient to prove each element of the crime beyond a reasonable doubt. . . . As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the state's case, the jury's verdict will be upheld.

(Citation omitted.) *Vaughn v. State*, 301 Ga. App. 391 (687 SE2d 651) (2009); see *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC

2781, 61 LE2d 560) (1979).

So viewed, the evidence showed that around 11:00 p.m. on April 6, 2001, a man wearing a bandanna over his face and carrying a gun entered the dining room of a fast-food restaurant and shouted for everyone to put their hands up or he would shoot somebody. He also demanded that the people inside the restaurant get onto the floor. During the incident someone called the police, and a police officer arrived at the restaurant while the robber was still inside. The robber, later identified as Santiago, was apprehended. Police officers found in his pockets a note demanding money, receipts from the restaurant, and money belonging to the restaurant. They also found a gun on either a counter or the floor, within arm's reach of Santiago. At the scene, Santiago told one of the officers that he was participating in a "mock robbery" with the knowledge of both the restaurant and its employees.

The jury found Santiago guilty of aggravated assault against the employee who had been working in the drive-through window. The charge of the indictment on which Santiago was found guilty alleged that he committed that offense by "unlawfully mak[ing] an assault upon the person of [the victim] with a handgun, an object which when used offensively against a person is likely to or actually does result in serious bodily injury." See OCGA § 16-5-21 (a) (2).

> Central to the offense of aggravated assault is that an assault as defined in OCGA § 16-5-20 be committed on the victim. Under that Code section, there are two ways to commit an assault: when a person attempts to commit a violent injury to the person of another, and when a person commits an act which places another in reasonable apprehension of immediately receiving a violent injury.

(Citations and punctuation omitted.) *Adams v. State*, 293 Ga. App. 377, 378-379 (1) (667 SE2d 186) (2008). Santiago argues that there was no competent evidence that the drive-through window employee was aware that he had a gun, and thus no evidence that the employee had been placed in reasonable apprehension of immediately receiving a violent injury. See generally *Rhodes v. State*, 257 Ga. 368, 370 (5) (359 SE2d 670) (1987) (the act of pointing a firearm at another does not constitute aggravated assault where the victim is completely unaware that the firearm is pointed at him). We agree.

The drive-through window employee who was the alleged aggravated assault victim did not testify at trial. Two other restaurant employees testified, but neither of them saw what the victim did during the robbery. They did not testify that Santiago pointed or shot the gun at the victim, spoke to the victim, or had any other

interaction with the victim. They did not testify that the victim did anything suggesting that he had seen the gun or heard Santiago's threat to shoot somebody, or had any other reaction suggesting that Santiago either had attempted to violently injure him or had placed him in reasonable apprehension of receiving an immediate violent injury.

The only evidence concerning the victim's reaction to the robbery was the following testimony of a police officer:

> Q. In the course of your investigation, did you ever determine who called the police?
>
> A. Yes, sir; [the victim].
>
> Q. Were you able to determine how it was that he was able to call the police?
>
> A. Yes, sir.
>
> Q. How was that?
>
> A. He went and climbed out the drive-through window and ran across the driveway into [a neighboring restaurant].

Where "a witness testifies to a conclusion of fact which could be within his knowledge and such testimony is admitted without objection, it cannot be attacked on review as being incompetent or insufficient." (Citations and punctuation omitted.) *Burg v. State*, 298 Ga. App. 214, 216-217 (679 SE2d 780) (2009). Here, however, other testimony from the police officer made clear that the fact of the victim climbing out of the drive-through window could not have been within his personal knowledge. His testimony that the victim was able to call the police *because* he had climbed out of the window necessarily implies that the victim climbed out of the window before calling the police. But the officer testified that he did not go to the scene of the robbery until *after* he received a 911 dispatch. And when asked what he saw when he arrived at the scene, the officer responded: "Initially nothing. So I approached the door to go inside because it's not unusual for them to tie up the store employees and stick them in the cooler or anything like that in the back room. At first, I didn't see anyone, so I started entering the business." The officer testified that he then saw another employee and Santiago inside the restaurant and proceeded to arrest Santiago.

From the officer's description of what he saw when he arrived at the scene, he did not personally observe the victim climb out of the window; thus, his testimony regarding this event could not have been within his personal knowledge but appears to have been based upon information obtained from some other, unidentified, person or persons. As a result, the evidence that the victim climbed out of the

window rested mainly on the veracity and competence of persons other than the testifying officer, making it hearsay. See OCGA § 24-3-1 (a); *Williams v. State*, 279 Ga. App. 83, 85 (2) (630 SE2d 601) (2006) (officers' testimony that gun was within arm's reach of defendant was hearsay, where officers had not personally observed gun in that location); see also *Davis v. State*, 289 Ga. App. 526, 527 (1) (657 SE2d 609) (2008) (officer's testimony repeating statements of victim who was unavailable for trial was hearsay and its admission violated the defendant's right to confrontation). Compare *Willingham v. State*, 296 Ga. App. 89, 90-91 (673 SE2d 606) (2009) (rejecting defendant's claim that no competent evidence showed substance was marijuana where it did not "affirmatively appear that [a witness's] testimony . . . was based on hearsay rather than personal knowledge"). That evidence is wholly without probative value and cannot be considered in determining the sufficiency of the evidence. *Green v. State*, 277 Ga. App. 867, 868 (1) (627 SE2d 914) (2006).

Indeed, the state does not argue on appeal that the police officer's testimony was competent evidence supporting Santiago's aggravated assault conviction. Instead, the state points to evidence that the drive-through section of the restaurant was close in proximity to the area where Santiago stood and argues that the victim could have seen Santiago with the gun, could have heard Santiago threaten to shoot, and consequently could have been apprehensive of immediately receiving a violent injury. It is mere speculation, however, to assume that the victim actually saw or heard Santiago simply because he could have seen or heard him. See *Montford v. State*, 254 Ga. App. 524, 527-528 (1) (b) (564 SE2d 216) (2002) (rejecting as speculative the state's assertion that evidence showed victim of alleged aggravated assault had seen defendant, where evidence merely "[left] room for [that] possibility"). While the state may prove a victim's reasonable apprehension by circumstantial evidence, *Jackson v. State*, 251 Ga. App. 578, 579 (1) (554 SE2d 768) (2001), speculation alone does not satisfy the sufficiency standard. *Montford*, 254 Ga. App. at 528 (1) (b).

Because there is no affirmative evidence that the victim saw Santiago with the gun or heard his threats to shoot, the evidence is insufficient to support Santiago's aggravated assault conviction. See *Montford*, 254 Ga. App. at 527-528 (1) (b). Accordingly, the judgment on that conviction is reversed.

2. Santiago asserts that he received ineffective assistance of trial counsel. To prevail, he

> must establish, pursuant to *Strickland v. Washington*, [466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984),] that counsel's performance was deficient and that the deficient perfor-

mance was prejudicial to his defense. A court addressing the ineffective assistance issue is not required to approach the inquiry in that order or even to address both components if the defendant has made an insufficient showing on one. . . . In reviewing a trial court's determination regarding a claim of ineffective assistance of counsel, this court upholds the trial court's factual findings unless they are clearly erroneous; we review a trial court's legal conclusions de novo.

(Citations omitted.) *Espinosa v. State*, 285 Ga. App. 69, 72 (2) (645 SE2d 529) (2007).

Santiago argues that his trial counsel performed deficiently by failing to assert Santiago's right to a two-hour closing argument under OCGA § 17-8-73 and by failing to object as hearsay to a police officer's testimony about the drive-through window employee's actions and the officer's testimony that the restaurant employees had disavowed Santiago's claim that the incident was a "mock robbery." Santiago also argues that another instance — in which trial counsel conducted part of a voir dire on the admissibility of his custodial statement in the jury's presence — reflected counsel's "fundamental misunderstanding of the law" and, although "not ris[ing] to a level of an arguable claim of ineffectiveness of counsel," should be considered in assessing whether he was prejudiced.

Pretermitting whether counsel's conduct at trial constituted deficient performance, Santiago has not shown that he was prejudiced. Santiago's right to make a closing argument was not completely abridged; rather, his counsel appeared to have tailored the argument for presentation in a shorter period of time. See *Hardeman v. State*, 281 Ga. 220, 223 (635 SE2d 698) (2006). The record contains "no indication that, as a result of [any] time limit, the lawyer failed to argue a critical point or that the argument he did present was not as reasonably effective as it otherwise would have been." Id. Moreover, the evidence that Santiago committed armed robbery was overwhelming. Santiago testified at trial that he entered the restaurant, walked to the register, and filled his pockets with money. Although he claims he was not carrying a gun, both eyewitnesses testified that he had a gun and he does not dispute that a gun was found on the scene near him. And the state elicited competent evidence against Santiago's "mock robbery" defense; an employee who Santiago claimed was involved in the "mock robbery" expressly disavowed at trial any such involvement.

Under these circumstances, we find that Santiago has not carried his burden of showing the requisite prejudice, in that there is no reasonable probability that the outcome of his trial on the armed robbery charge would have been different had trial counsel sought

more time for closing argument or objected to the portions of the officer's testimony that Santiago claims were hearsay. See *Boatright v. State*, 289 Ga. 597, 602 (7) (713 SE2d 829) (2011); *Hardeman*, 281 Ga. at 223. In the absence of prejudice, there is no ineffective assistance of counsel. *Boatright*, 289 Ga. at 602 (7). We thus affirm the judgment on Santiago's armed robbery conviction.

*Judgment affirmed in part and reversed in part. Phipps, P. J., concurs. Andrews, J., concurs in the judgment only.*

DECIDED FEBRUARY 17, 2012 —
RECONSIDERATION DENIED MARCH 7, 2012.

*Adam M. Hames*, for appellant.
*Patrick H. Head, District Attorney, Irvan A. Pearlberg, John R. Edwards, Assistant District Attorneys*, for appellee.